MULARKEY, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 12—June 18, 1928.*

*Vincent F. McNamara* of Montello, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Elton J. Morrison,* district attorney of Columbia county, and oral argument by *Mr. Messerschmidt* and *Mr. Morrison.*

OWEN, J. There was introduced and received in evidence certain liquors, stipulated to be intoxicating, taken from the defendant's car, pursuant to a purported search warrant. Prior to the receipt of this evidence it was disclosed that the search warrant was issued upon a complaint made upon information and belief and that there was not any sworn testimony preserved upon which a finding of reasonable cause to believe could be based. The evidence was objected to upon the ground that it was procured pursuant to an unlawful search and seizure. Upon this state of the record the objection was timely made and was sufficient to protect defendant's constitutional rights. *State v. Warfield,* 184 Wis. 56, 59, 198 N. W. 854. That the search warrant was void is definitely ruled by *Glodowski v. State,* decided herewith (*ante,* p. 265, 220 N. W. 227). The evidence obtained as a result of the illegal search should not have been received. This calls for a reversal of the judgment.

A further question is raised as to whether the defendant could, under the same act, be convicted of the two offenses, namely, possession and transportation of liquor. In *People v. Cook,* 236 Mich. 333, 210 N. W. 296, the supreme court of Michigan held that conviction of transporting barred a conviction for possessing the same liquor. The supreme court of the United States has held that punishing the same

person for the distinct offenses of possessing and then selling the same liquor in violation of the prohibition act is not double punishment violating the Fifth amendment. *Albrecht v. U. S.* 273 U. S. 1, 47 Sup. Ct. 250. We reserve the decision on this question, trusting that when it is again presented we will be favored with better briefs upon the subject.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.