MULARKEY, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 5—June 24, 1929.*

*Vincent F. McNamara* of Montello, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Ross Bennett,* district attorney of Columbia county, and oral argument by *Mr. Messerschmidt.*

ROSENBERRY, C. J.   This case was here before and is reported in 196 Wis. 400, 220 N. W. 234.   The question presented on the former review was whether or not certain exhibits seized on a purported search warrant were properly received in evidence.   The search warrant was held void under *Glodowski v. State,* 196 Wis. 265, 220 N. W. 227, the evidence not admissible, and the cause remanded for a new trial.

When the case came up for trial the second time the court conducted an investigation to determine whether or not the officers had reasonable grounds for searching the automobile in question without a search warrant.   *Wilder v. Miller,* 190 Wis. 136, 208 N. W. 865.   As a result of that investigation the trial court held the exhibits, being samples of the liquor taken during the search, admissible. The proceedings had upon this preliminary investigation are not returned and we must presume that the court correctly decided that question.   However, the district attorney did not see fit to introduce any of the evidence thus held admissible and relied for conviction solely upon admissions made by the defendant.   These admissions were made to Mrs.

Elizabeth L. Cushing, examining magistrate, from which it appears that when defendant was brought before her she read to him the complaint, which at that time contained four counts, two counts being subsequently dismissed. She advised him to procure counsel; he said he did not want counsel. She then told him that if he were not guilty defendants usually so pleaded, and that if they were guilty they generally waived a hearing and were bound over for trial. In response to this the defendant said: "Oh, I am guilty all right," and she again advised him to procure an attorney. He still declined to secure counsel and was bound over for trial. The other admissions were made to J. N. Thouvenelle, who was deputy sheriff at the time of the first trial, on the way up to the jail. These admissions were by way of statements as to how defendant conducted his business, how he made deliveries, during the course of which defendant stated that he had four kegs, apparently meaning kegs of privately distilled intoxicating liquor, in his car. The witness expressed his surprise at the quantity and the defendant explained that he intended to take it back home and bury what he had left over. He further stated that he had procured an extra empty keg at Portage. In addition to these admissions the witness testified that he had seen the kegs in defendant's car. He did not testify as to the contents of these kegs or anything beyond the mere fact that he had seen the kegs.

The question presented here is, Was the uncorroborated admission made by the defendant to the magistrate when the complaint was read to him sufficient to sustain a conviction? In the United States there is a division of authority as to whether or not an extrajudicial uncorroborated confession of the accused in a criminal case is alone sufficient to support a conviction. 4 Wigmore, Evidence (2d ed.) § 2071 and cases cited. Judicial confessions are those which are made before a magistrate or in a court in the course of proceedings where the party making them is charged with crime. Con-

fessions made in preliminary examinations before magistrates are confessions in open court, or, as it is usually stated, judicial confessions. Judicial confessions are alone held to be sufficient to sustain a conviction. *Speer v. State,* 4 Tex. App. 474, 479; *State v. Abrams,* 131 Iowa, 479, 108 N. W. 1041; *Skaggs v. State,* 88 Ark. 62, 113 S. W. 346. For criticism and discussion of this matter see 4 Wigmore on Evidence (2d ed.) § 2070.

In this case, as appears from the statement of facts, the admission of his guilt was made by the defendant before the magistrate voluntarily and almost as a matter of course. While at the time the complaint read to him contained more charges than those upon which the defendant was found guilty, his admission must be held to apply to each of the charges and so to the charges upon which he was finally convicted. It is held that this admission was made by the defendant to the magistrate advisedly. Upon it he was bound over for trial to the circuit court, and it is sufficient to sustain a finding of guilty by the jury without corroboration.

It is further contended that there is no evidence in the case which sustains the conviction of the defendant upon the count charging him with unlawful possession. We recognize fully the doctrine established in *Albrecht v. U. S.* 273 U. S. 1, 47 Sup. Ct. 250, and in *Bell v. U. S.* 285 Fed. 145, but it is considered that the facts established by the evidence in this case do not bring this case within the doctrine of those cases. It is true that one may be found guilty of unlawful possession of intoxicating liquor and he may be found guilty of unlawfully transporting the same liquor and he may be found guilty of unlawful sale of the identical liquor. In this case, however, there is no evidence of possession other than such as was strictly incident to its transportation. One cannot transport liquor without for that purpose having possession of it. If he has a possession not incident to the transportation he is guilty of two distinct offenses,

but if, as in this case, there is no evidence of possession except such as was strictly and necessarily incident to its transportation, it is considered that he is guilty of one and not of two offenses. The sentence of the court, therefore, on account of the unlawful possession was erroneous.

*By the Court.*—The judgment and sentence of the lower court upon the count charging the defendant with transportation is affirmed. The judgment and sentence of the lower court upon the count charging defendant with unlawful possession is reversed, and cause remanded for further proceedings according to law.

FOWLER, J., took no part.