## BERRY v. UNITED STATES.

### No. 7480.

United States Court of Appeals for the District of Columbia.
Argued April 8, 1940.

Decided May 20, 1940.

James J. Laughlin, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Charles B. Murray, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

Appellant pleaded guilty of assault with intent to rape. He was sentenced on July 14, 1939. On July 24, he filed notice of appeal. The Criminal Appeals Rules provide that "an appeal shall be taken within five (5) days."[1] Appellant urges that we may waive that requirement. We need not determine whether we have that power, for we have here no occasion to exercise it.

Just after the assault, appellant told the prosecuting witness that he would kill her if she complained to her father. For this he was prosecuted and convicted of threats to do bodily harm,[2] before he was indicted

---

[20] Id., § 919 (c).

[1] Rule III, 28 U.S.C.A. following section 723a; 292 U.S. 661, 662, 54 S.Ct. xxvii; also appended to Rule 34 of this court.

[2] D.C.Code, Tit. 6, § 44.

for assault with intent to rape. The only question which he seeks to raise on this appeal is whether the earlier prosecution bars the present one. Clearly it does not. Assault to rape and threatening bodily harm are distinct offenses. Though both may be committed simultaneously, either may be committed without the other. Therefore, even if both these prosecutions were based on the same acts, appellant would not be twice put in jeopardy for the "same offense." [3] Moreover, the two prosecutions are based on different acts.

Appeal dismissed.

[3] Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Sims v. Rives 66 App.D.C. 24. 84 F.2d 871, certiorari denied 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402.