**Earl COOKE, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 3713–3715.

District of Columbia Court of Appeals.

Argued July 26, 1965.

Decided Oct. 7, 1965.

Robert S. Hall, Jr., Washington, D. C. (appointed by this court), for appellant.

Carol Garfiel, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and Earl J. Silbert, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

In the early morning hours of April 14, 1964, appellant's estranged wife, who was living at the home of her mother, awoke suddenly to find appellant choking her. At her request he released her and allowed her to go upstairs. There she secured a BB gun from her sons' room and attempted to shoot appellant. He seized the weapon

from her, pushed her over a bed, and threatened to shoot her. Meanwhile the wife's sons had awakened and they endeavored to help her. Appellant continued his threats but finally left at the urging of the two boys.

As a result of this attack upon his wife, appellant was charged with unlawful entry, simple assault, and possession of a prohibited weapon with intent to use it unlawfully against another. Code 1961, §§ 22–3102, 22–504, and 22–3214(b). He was found guilty on all three counts and given the maximum penalty for each, the sentences to run consecutively.

On this appeal appellant does not challenge his convictions for unlawful entry and assault, but he does challenge the conviction for possession of a prohibited weapon. He also contends that it was double punishment to impose consecutive sentences on the assault and possession of a prohibited weapon charges since, he argues, both offenses grew out of the same transaction and involved the same intent. At the outset it should be noted that the assault conviction could have rested entirely on the choking, an act separate from the assault which occurred when appellant threatened his wife with the gun. But even if we accept appellant's contention that the assault was a continuing one, the cases which he relies upon to prove that consecutive sentences could not be imposed are not in

point. Three of these[1] involved the Federal Bank Robbery Act, 18 U.S.C. § 2113, which is, as the Supreme Court stated in Prince v. United States, "a unique statute of limited purpose."[2] The Court expressly restricted its holding to that particular law and said that the question .it was deciding "can and should be differentiated from similar problems in this general field raised under other statutes."[3] Appellant's reliance on Evans v. United States, 98 U.S. App.D.C. 122, 232 F.2d 379 (1956), is likewise misplaced, because, unlike the present case, it dealt with convictions of two offenses, one of which was necessarily included in the other. In such situations consecutive sentences are not permitted because punishment of the greater offense is at the same time punishment of the lesser.[4]

On the other hand, it is well established that a single transaction can give rise to several offenses which may be punished separately.[5] It is only when the offenses are substantially the same that consecutive sentences are prohibited as putting the defendant twice in jeopardy. The test adopted by the Supreme Court and the courts of this jurisdiction for determining the identity of offenses is whether the same evidence is needed to prove both, that is, whether each offense requires proof of some fact or element not needed to estab-

1. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, 59 A.L.R. 2d 940 (1957); Holbrook v. United States, 136 F.2d 649 (8th Cir. 1943); Holiday v. United States, 130 F.2d 988 (8th Cir.), cert. den. 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. 553 (1942).

2. 352 U.S. 322, 325, 77 S.Ct. 403, 405 (1957).

3. Ibid.

4. See Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948).

5. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S.

299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915); Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915); Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911); Young v. United States, 109 U. S.App.D.C. 414, 288 F.2d 398 (1961), cert. denied 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963); Kendrick v. United States, 99 U.S.App.D.C. 173, 238 F.2d 34 (1956); Berry v. United States, 72 App.D.C. 229, 113 F.2d 183 (1940); Davenport v. District of Columbia, D.C. Mun.App., 61 A.2d 486 (1948).

lish the other.[6] Here appellant was convicted of assault and possession of a prohibited weapon, both offenses arising out of his attack on his wife. But to sustain the assault charge, the government merely had to prove that appellant attempted to inflict bodily injury. No evidence of possession of a weapon was needed. The weapon charge, on the other hand, required proof of such possession, but did not require evidence of an attempt to do harm. Since each offense demanded proof of an essential element not needed in the other, they were clearly separate and distinct. Thus no error was committed in imposing consecutive sentences.

Appellant's remaining contentions deal with his conviction for possession of a prohibited weapon. He argues that he was acting in self-defense during the time that the gun was under his control and that therefore he could not be found guilty of a violation of the statute, citing Cooke v. United States, 107 U.S.App.D.C. 223, 275 F.2d 887 (1960). But the record shows that after he wrested the gun from his wife he pushed her over the bed and threatened to shoot her with it. Appellant was not acting in self-defense when he committed these acts and his possession of the gun with an unlawful intent to shoot another was a violation of the statute.

Appellant's further argument that he merely exercised temporary control over the gun and did not "possess" it within the terms of the statute cannot stand either, for holding the gun long enough to threaten another with it was the very possession which the act seeks to penalize.[7] There was no need to prove ownership or pro-

longed control of the gun, but merely possession accompanied by an unlawful intent. Accordingly, the decision of the trial court is

Affirmed.

---

6. Blockburger v. United States, supra n. 5; Ebeling v. Morgan, supra n. 5; Morgan v. Devine, supra n. 5; Gavieres v. United States, supra n. 5; Kendrick v. United States, supra n. 5; District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17, cert. denied 317 U.S. 658, 63

S.Ct. 57, 87 L.Ed. 529 (1942); Sims v. Rives, 66 App.D.C. 24, 84 F.2d 871, cert. denied 298 U.S. 682, 56 S.Ct. 960, 80 L. Ed. 1402 (1936).

7. See State v. Hoover, 219 Or. 288, 347 P. 2d 69, 89 A.L.R.2d 695 (1959).