234 A.2d 801 (1967)
Wardell HICKS, Appellant,
v.
DISTRICT OF COLUMBIA, Appellee.
No. 4382.
District of Columbia Court of Appeals.
Argued July 10, 1967.
Decided November 14, 1967.
John C. Cratsley, Washington, D. C. (appointed by this court), for appellant.
David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.
Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.
KELLY, Associate Judge:
About 2:15 a. m. on January 13, 1967, an undercover police officer drove to the intersection of 8th and T Streets, N. W. in the company of a police informer. As the vehicle stopped for a traffic light appellant approached and sold the informer a sealed half-pint bottle of whiskey.[1] At the time he did not have a license to sell alcoholic beverages in the District of Columbia. On a two-count information appellant was convicted by a jury of keeping *802 whiskey for sale and selling whiskey without a license.[2] The information recites that he was sentenced to 120 days on the first count and 120 days on the second count, to take effect after the first count, a "total [of] 240 days". The question on appeal is whether on these facts it was error to impose consecutive sentences.
It is the government's contention that we need not meet the question raised because the sentence imposed was one general or consolidated penalty of 240 days rather than consecutive sentences of 120 days on each count.[3] We do not agree. It is clear from the entry that the sentences of 120 days on each count were to run consecutively. The fact that the figures are totaled on the information does not, in our opinion, change the two separate consecutive sentences into one general sentence to cover both counts. Reliance is placed on Chambers v. District of Columbia, 90 U.S. App.D.C. 153, 194 F.2d 336 (1952), where, on an information charging violations of the Minimum Wage Law in 18 separate counts, the defendant was sentenced to consecutive fines of $25 on four counts, with concurrent fines of $25 on the remaining counts. The entry on the information also read "(total fine $100)". For purposes of an appeal as of right, this was held to be one judgment resulting in a consolidated fine of more than $50. The court reasoned that the size of the total penalty was controlling, and stated that "The effect is comparable to that of a general sentence."[4] To apply this rationale to appellant's case, however, would lead to the exact opposite result inasmuch as it is conceded that the evidence at trial was sufficient to establish his guilt of selling whiskey without a license and that a sentence of 240 days is less than the permissible maximum which may be imposed for either offense with which he was charged.[5] If we were to hold that a general sentence was imposed appellant would be denied the right to challenge the propriety of consecutive sentencing. We do not believe that Chambers was meant to be construed in a manner which would effectively destroy a right of appeal when the whole purport of the decision was to preserve that right, and hold instead that consecutive sentences were imposed.
Whether a single act constitutes two or more distinct and separate offenses has been considered many times and in many contexts.[6] The case holdings are not always *803 clear and consistent, but in Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 253, 71 L.Ed 505 (1927), a prosecution under the National Prohibition Act, the Court dealt specifically with a claimed 5th Amendment violation in the imposition of double punishment for the possession[7] and illegal sale of liquor by stating:
* * * The contention is that there was double punishment because the liquor which the defendants were convicted for having sold is the same that they were convicted for having possessed. But possessing and selling are distinct offenses. One may obviously possess without selling, and one may sell and cause to be delivered a thing of which he has never had possession, or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offence. [Sic] There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction. * * *
It should be noted that in Albrecht there appears to have been proof of a possession independent of a later sale. Further, by stating that selling liquor which one possesses does not render the possession and sale necessarily a single offense, the Court apparently recognized that under certain circumstances possession and sale can, in fact, constitute only one offense. Indeed, there is a line of cases, both before and after Albrecht, dealing with the possession and transportion of alcholic beverages which hold that where the only possession shown is that necessary for and incidental to the transportation, the crime of transportation includes that of possession.[8] The distinction is made in Mularkey v. State, 199 Wis. 269, 225 N.W. 933, 934 (1929):
* * * It is true that one may be found guilty of unlawful possession of intoxicating liquor and he may be found guilty of unlawfully transporting the same liquor, and he may be found guilty of unlawful sale of the identical liquor. In this case, however, there is no evidence of possession other than such as was strictly incident to its transportation. One cannot transport liquor without for that purpose having possession of it. If he has a possession not incident to the transportation, he is guilty of two distinct offenses, but if, as in this case, there is no evidence of possession except such as was strictly and necessarily incident to its transportation, it is considered that he is guilty of one and not of two offenses. The sentence of the court therefore on account of the unlawful possession was erroneous.
The usual test to determine if one or two offenses have been committed is whether each offense requires proof of an additional fact which the other does not.[9] This court has applied the test most recently in Cooke v. United States, D.C.App., 213 *804 A.2d 508 (1965), a multiple offense case in which the defendant advanced an identical complaint of double punishment when given consecutive sentences after conviction of assault and possession of a prohibited weapon. In finding a clear difference in the two offenses, some of the very cases relied on by appellant were distinguished as either coming under a special and unique statute[10] or as involving necessarily included offenses,[11] in each of which instances consecutive sentences are prohibited. We said that "It is only when the offenses are substantially the same that consecutive sentences are prohibited as putting the defendant twice in jeopardy."[12]
It has been suggested that the practical use of this "same or different evidence" test is not in its application to the evidence required to prove each of several offenses, but only in relation to the actual proof offered at a multiple offenses trial.[13] In this way a realistic determination can be made if a difference in offenses exists and, if so, whether that difference is of sufficient gravity to outweigh the constitutional prohibition against double punishment. Thus it would not be enough to say that keeping whiskey for sale and selling whiskey without a license are separate and distinct offenses. They commonly are, and we do not question that in a proper case a defendant may be convicted of and sentenced consecutively for each offense. But if, in each case, the proven facts are examined it becomes clear whether double punishment is being imposed for a single act. Here the only evidence is that appellant had a single bottle of whiskey which he sold on the spot, a street corner, to a police informer. Contrary to the government's argument that there were two transactions decisively separated in point of time, there is no proof of a keeping for sale independent of the sale itself. The keeping for sale was only such keeping as was necessary and incidental to the sale, a simultaneous offense inseparable from the ultimate sale and included therein. Whether we hold that on the evidence only one offense was committed or whether we say that the evidence established a difference between the two offenses which is trivial, we arrive at the same result.[14] It was error to impose consecutive sentences in this case.
We would point out that our holding is a narrow one and is confined solely to the fact situation presented.
Remanded with directions to vacate the sentence on count 1 of the information.
MYERS, Associate Judge, concurs in the result.
NOTES
[1] Appellant was arrested the next day on a warrant and a number of half-pints were found on his person at that time. He was not charged with any offense occurring on the day of his arrest although testimony about the arrest was presented at trial.
[2] D.C.Code 1961, § 25-109(a).
[3] A judgment upon an indictment containing several counts, with a verdict of guilty on each, will be sustained if any count is good and sufficient in itself to support the judgment and if the sentence is less than the maximum punishment authorized by statute for conviction under any one count. Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959); Whitfield v. State of Ohio, 297 U.S. 431, 56 S.Ct. 532, 80 L.Ed. 778 (1936).
[4] 90 U.S.App.D.C. at 154, 194 F.2d at 338.
[5] "Whoever violates any of the provisions of this chapter for which no specific penalty is provided, or any of the rules and regulations promulgated pursuant thereto, shall be punished by a fine of not more than $1,000 or by imprisonment for not longer than one year or by both such fine and imprisonment in the discretion of the court." D.C.Code 1961, § 25-132.
[6] Gore v. United States, 357 U.S. 386 (1958), 78 S.Ct. 1280, 2 L.Ed.2d 1405; Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915); Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915); Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911); Young v. United States, 109 U. S.App.D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963); Kendrick v. United States, 99 U.S.App.D.C. 173, 238 F.2d 34 (1956); Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948); Holbrook v. United States, 136 F.2d 649 (8th Cir. 1943); Holiday v. United States, 130 F. 2d 988 (8th Cir.), cert. denied, 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. 553 (1942); Berry v. United States, 72 App.D.C. 229, 113 F.2d 183 (1940); Cooke v. United States, D.C.App., 213 A.2d 508 (1965); Davenport v. District of Columbia, D.C. Mun.App., 61 A.2d 486 (1948).
[7] No distinction is made between possession and keeping for sale since the terms, if not synonymous, are sufficiently analogous to be governed by this precedent.
[8] Brown v. United States, 16 F.2d 682 (1st Cir. 1926); Segurola v. United States, 16 F.2d 563 (1st Cir. 1926); Schroeder v. United States, 7 F.2d 60 (2d Cir. 1925); Mularkey v. State, 199 Wis. 269, 225 N.W. 933 (1929); People v. Buchanan, 106 Cal.App.Supp. 765, 288 P. 50 (1929); note, 74 A.L.R. 411 (also citing cases contra.).
[9] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); District of Columbia v. Buckley, 75 U.S. App.D.C. 301, 128 F.2d 17, cert. denied, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529 (1942); Sims v. Rives, 66 App.D.C. 24, 84 F.2d 871, cert. denied, 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402 (1936).
[10] Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); Holbrook v. United States, 136 F.2d 649 (8th Cir. 1943); Holiday v. United States, 130 F.2d 988 (8th Cir.), cert. denied, 317 U. S. 691, 63 S.Ct. 265, 87 L.Ed. 553 (1942).
[11] Evans v. United States, 98 U.S.App. D.C. 122, 232 F.2d 379 (1956); Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948).
[12] 213 A.2d at 509.
[13] District of Columbia v. Buckley, 75 U.S. App.D.C. 301, 128 F.2d 17, cert. denied, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529 (1942) (concurring opinion).
[14] Appellant urges that we apply the so-called "rule of lenity" in this case, which rule precludes the imposition of separate sentences if the intent of Congress with respect to the meaning of a particular statute is unclear. Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L. Ed.2d 199 (1958); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370 (1957); Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); United States v. Universal C. I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952); Davenport v. United States, 122 U.S.App.D.C. 344, 353 F.2d 882 (1965); Ingram v. United States, 122 U.S.App.D.C. 334, 353 F.2d 872 (1965). We deem this unnecessary in view of the above disposition, although the rule lends persuasive support to our reasoning.