Fred T. MITCHELL, Appellant,

v.

UNITED STATES, Appellee.

No. 6650.

District of Columbia Court of Appeals.

Argued Jan. 22, 1973.

Decided March 29, 1973.

Fred Grabowsky, Washington, D. C., appointed by this court, for appellant.

Peter R. Reilly, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Peter A. Chapin, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

REILLY, Chief Judge.

This is an appeal from a conviction under D.C.Code 1967, § 22–3204, for carrying a pistol without a license. Appellant contends that the trial court erred (a) in limiting defense's development of surrounding

circumstances to show that possession of the pistol was lacking in criminal intent and (b) in denying a request for an instruction requiring acquittal if the jury found that the possession of such weapon was for an innocent purpose.

At the trial the government presented three witnesses. One Barbara Fredericks testified that appellant confronted her with a pisol in his waistband; that he pulled the weapon and pointed it at her. A special police officer testified that he saw appellant with a gun in his hand and that he ordered him to drop it. A Metropolitan policeman then testified that when he arrived on the scene the special officer handed him this gun; that appellant admitted that it was his but that he did not have a license to carry it.

During his opening statement defense counsel sought to proffer circumstances surrounding the possession of the pistol. He stated that appellant, accompanied by a Miss Jeanette Fletcher and others, drove to the area of Elvins Road, S.E., on May 8, 1972, to retrive a shoe stolen earlier from her. Upon arriving there, he saw a hostile crowd. Appellant noticed a pistol on the ground, picked it up and put it in his waistband to prevent it from being used by others, his intent being to turn it over to the police when the opportunity arose. He then walked into the area of the crowd, following which an affray ensued, resulting in injury to persons and damage to appellant's automobile.

The court ruled that an intent to use the pistol for criminal purposes was not an essential element of the offense and refused to allow criminal intent to be argued to the jury. The court also ruled that an instruction on appellant's "innocent possession" theory would be misleading and consequently would not be given.

Counsel then indicated that he probably would not put on a defense. The court pointed out that it had not ruled on any tendered testimony, would welcome any further proffers the defense cared to make, and would rule specifically on these at the appropriate time.

Defense counsel sought to elicit the circumstances surrounding the appellant's possession of the pistol on cross-examination of the government witnesses, but objections were sustained on the ground of relevancy. After another attempt to obtain the requested instruction, the defense rested without calling any witnesses or proffering specific defense testimony.

It is well settled that proof of intent to use a weapon for an unlawful purpose is not an element of the crime defined in § 22-3204. Leftwitch v. United States, D.C.App., 251 A.2d 646 (1969); Scott v. United States, D.C.App., 243 A.2d 54 (1968); United States v. Shannon, D.C. Mun.App., 144 A.2d 267 (1958). And, although criminal intent, or an evil state of mind, is an essential ingredient in crimes derived from the common law, carrying a pistol without a license was not an offense at common law and all that is needed to prove a violation of such code provision is an intent to do the proscribed act. Cooke v. United States, 107 U.S.App.D. C. 223, 275 F.2d 887 (1960). It may therefore be said that the object of the statute is not to prohibit the carrying of a pistol with intent to use it as a weapon, but to forestall the temptation to use it as such by forbidding possession of such an object outside the possessor's home or place of business.

Exceptions to this rule of construction are very limited. It has been held that where a person's life or safety is in imminent danger and he picks up a pistol to ward off his assailants, possession at that moment "justifie[s] [the accused] in obtaining a weapon and using it in his self-defense. . . ." See Wilson v. United States, 91 U.S.App.D.C. 135 at 136, 198 F.2d 299 at 300 (1952), where a person attacked by a disorderly mob ran back to his car, grabbed and fired a pistol. But the doctrine of possession for self-defense is narrow. See Cooke v. United States, D. C.App., 213 A.2d 508 (1965).

Therefore, the challenged rulings of the trial court which limited the defense's development of the surrounding circumstances must be appraised in light of counsel's proffer. If the offer of proof was insufficient to raise the issue of self-defense, such rulings must stand.

■ In the case at bar, appellant's proffer indicated that appellant was not in immediate fear of attack when he found the pistol, but rather, picked it up to prevent the possibility of its use against him. It was then that appellant walked toward the crowd. These circumstances fall short of the *Wilson* situation. Holding in hand a gun in anticipation of harm is not possession for purposes of self-defense where the circumstances do not vindicate the action taken. Although appellant asserts that he picked up the gun with the ultimate intention of delivering it to the police, it is significant that he still proceeded to move toward the hostile group and contributed to the ensuing disorder. Viewing the proffer against this background, we perceive no error on the part of the trial court.

Moreover, the court specifically stated that it would welcome any further proffers. Thus, if defense counsel wished to clarify the facts or adduce new evidence, he was free to do so. Instead, he chose to rest without putting on rebuttal evidence.

■ It follows that there was no error in the denial of a request for an instruction requiring an acquittal if the jury found the possession of the pistol was for an innocent purpose. The wording of the requested instruction was framed by appellant as a corollary to his first contention. Leftwitch v. United States, *supra*, makes it clear that a party has no right to an erroneous instruction. Even had appellant's proffer shown facts sufficient to justify an instruction on possession for self-defense, the instruction proposed was much too broad.

Affirmed.