Priscilla C. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 11617.

District of Columbia Court of Appeals.

Submitted Sept. 28, 1977.

Decided Oct. 28, 1977.

David B. Hough, Winston-Salem, N. C., was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, John R. Fisher and Jonathan Lash, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, YEAGLEY and MACK, Associate Judges.

PER CURIAM:

On Memorial Day weekend, 1976, appellant visited this city from her native North Carolina. She brought with her a revolver, for which she held a North Carolina license and which she carried in a custom-made holster attached to her pocketbook so as to satisfy her state's requirement that the weapon be unconcealed. Appellant, a pharmacist who often worked nights in isolated places and who handled controlled substances, had purchased the gun to protect herself in her work.

On May 31, 1976, appellant attempted to take a tour of the White House. As she entered she approached Officer Stuart Fannin of the Executive Protection Service. She asked him to take custody of her weapon until she completed her tour, and she handed him a receipt to sign. The officer asked appellant if she had a District of Columbia permit to carry the gun, and when she replied negatively, he placed her under arrest.

On June 1, 1976, appellant was charged by information with carrying a pistol without a license, in violation of D.C. Code 1973, § 22–3204. On August 31, 1976, a jury convicted her of this charge, and on September 10, 1976, the trial court sentenced her to a term of six months' unsupervised probation.

The first issue presented, and the only one we need address, concerns appellant's failure to file her notice of appeal in requisite time. Our Rule 4 II(b)(1) requires that a notice of appeal in a criminal case be filed within ten days after entry of judgment. On September 10, 1976, the trial court granted an oral request to extend for 30 days the time for filing a notice of appeal due to excusable neglect under Rule 4 II(b)(3). Unfortunately, no notice of appeal had been received when the time expired on October 12, 1976.

On October 14, 1976, in the course of contacting the Superior Court on a connected matter, appellant's counsel learned that the notice had not yet been received. He wrote immediately to the trial court, requesting another extension, and sent a copy of the lost notice, which arrived on October 19. He later asserted by affidavit that he had mailed the notice on the morning of October 6, 1976, from the Main Post Office in Winston-Salem, North Carolina.

On February 7, 1977, in light of the late filing, this court ordered appellant to show cause why the appeal should not be dismissed. Following appellant's response, this court, on March 1, 1977, ordered that the question of jurisdiction be argued to the merits division and instructed appellee to address the question in its brief. We necessarily hold that we are without jurisdiction to consider this appeal, and accordingly, it is dismissed.

Appellant failed to comply with Rule 4 II(b)(1). This court, construing the predecessor to this rule, has recognized it as jurisdictional and has held that failure to file timely notice deprived us of the power of appellate review. *Syndicated Const. Corporation v. Ross*, D.C.Mun.App., 73 A.2d 899 (1950); *Beach v. District of Columbia*, D.C.Mun.App., 44 A.2d 926 (1945). This view is consistent with *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), in which the Court held that filing of a notice of appeal after expiration of the time prescribed by then Fed.R. Crim. P. 37(a)(2), the predecessor to present Fed.R.App.P. 4(b), deprived the United States Court of Appeals of jurisdiction.[1] *See also Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964).

1. The Court observed that the predecessor to present Fed.R.App.P. 26(b) proscribed enlargement of time for filing a notice of appeal and that consideration of a late filed appeal would violate this proscription.

Appellant contends that the concurrence of her good faith and matters not within her control—the postal service—requires that this court treat the late filing as a minor nonprejudicial defect under D.C. Code 1973, § 11–721(e).[2] This contention is wide of the mark. Section 721(e) is merely a codification of the harmless error rule under which we ignore insubstantial, unprejudicial errors and defects in our determination of the merits of an appeal. *See, e. g., Davis v. United States,* D.C.App., 315 A.2d 157, 161 (1974); *Rzeszotarski v. Rzeszotarski,* D.C.App., 296 A.2d 431, 435 n.4 (1972). It does not cure jurisdictional defects.

Appellant relies also on *Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). In *Fallen,* the Court departed from strict application of the ten-day notice requirement because of the extreme facts there presented. Petitioner, suffering from influenza, was confined to a prison hospital. He had no legal counsel and was permitted no visitors. His notice of appeal, timely presented to prison authorities for mailing, arrived four days late, bearing no postmark but bearing a date in petitioner's handwriting atop the notice which if accurate indicated that he had delivered the notice sufficiently in advance so that ordinarily it would have arrived on time. The Court concluded that petitioner had done all that he could under the circumstances. That the Court intended *Fallen* to apply to its own narrow and compelling facts is indicated by its holding the same day in support of the strict ten-day rule in *Berman, supra.* Following this rationale, and being bound by our jurisdictional rules, the appeal is dismissed.[3]

*So ordered.*

2. This section provides:

> On the hearing of any appeal in any case, the District of Columbia Court of Appeals shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.

3. We have nevertheless examined appellant's argument on the merits and find it to be without substance. Appellant contends that the government was required to prove that she knew of the District of Columbia gun licensing requirement and that she specifically intended

to carry an unlicensed pistol in violation of the statute. Appellant misreads D.C.Code 1973, § 22–3204 under which the proscribed act is that of generally intending to carry a pistol coupled with the fact that such pistol is carried unlicensed in the District of Columbia. *See Mitchell v. United States,* D.C.App., 302 A.2d 216, 217 (1973); *Brown v. United States,* D.C. Mun.App., 66 A.2d 491, 493 (1949). It is this, and not a specific intent to carry an unlicensed pistol, which the government must prove, as it did in the instant case. Appellant's conviction was proper.