**James L. McMILLEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13701.**

District of Columbia Court of Appeals.

Submitted June 27, 1979.

Decided Oct. 4, 1979.

Russell F. Canan, Washington, D. C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed and the case was argued, John A. Terry, Harold Damelin and Dianne H. Kelly, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, KERN and HARRIS, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted of carrying a pistol without a license. D.C.Code 1973, § 22–3204. He questions on appeal the propriety of a certain jury instruction. We affirm.

At trial, appellant testified that he was a resident of Hampton, Virginia, and that he had lawfully purchased the gun there. After a short visit to Washington, he was on his way back to Hampton when he was stopped for running a red light. At that time, he told the arresting officer that he had a gun. His theory at trial was that since he did not know that he must be licensed in the District in order to carry a gun there, he could not have had the intent to carry a gun without a license.

The trial court, however, declined to instruct the jury in a manner consistent with appellant's theory of the case. It told the jury:

> The essential elements of carrying a pistol without a license, each of which the Government must prove beyond a reasonable doubt, are, first, that the defendant carried openly or concealed, on or about his person, a pistol. Secondly, that the pistol was operable, that is that it functioned as a pistol. Third, that the defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia, and fourth, that he had the intent to do the act which constitutes carrying of a pistol.

In so doing, the court intentionally omitted the last three words of the standard instruction, namely, "without a license," but otherwise gave it without significant alteration. In short, the trial court refused to instruct the jury that, in order to convict, it must find that appellant not only intended to carry the gun, but moreover, intended to carry it without a license. We agree with the trial court that the last three words of the standard instruction are potentially confusing surplusage, and affirm.

The instruction requested by appellant is the totality of the standard red book instruction. See Criminal Jury Instructions for the District of Columbia, No. 4.81 (3d ed. 1978). We recently restated the elements of the crime of carrying a weapon without a license, as outlined in the red book instruction, in dictum in *Jackson v. United States,* D.C.App., 395 A.2d 99 (1978): "This offense has three essential elements: (1) carrying an operable pistol, (2) without a license, (3) with the intent to do those two acts." *Id.* at 103 n. 3. Although several cases were cited in support of that proposition, analysis of those cases indicates that the elemental description of the crime was based almost exclusively on the red book instruction. See *Anderson v. United States,* D.C.App., 326 A.2d 807 (1974), *cert. denied,* 420 U.S. 978, 95 S.Ct. 1405, 43 L.Ed.2d 659 (1975) (discussion of operability; no discussion of intent); *Mitchell v. United States,* D.C.App., 302 A.2d 216 (1973) (no requirement of showing intent to use weapon for a criminal purpose, must prove intent to do the proscribed act); *Brown v. United States,* D.C.Mun.App., 66 A.2d 491 (1949) (elements of the crime included only numbers (1) and (2) above); *Cooke v. United States,* 107 U.S.App.D.C. 223, 275 F.2d 887 (1960) (no plain error in court's failure to instruct on intent to carry an unlicensed gun where defendant testified that he intentionally carried the gun).

In *Jackson,* we did not cite or discuss *Brown v. United States,* D.C.App., 379 A.2d 708 (1977), a case on all fours with the present case. In *Brown,* the appellant brought a gun into this jurisdiction without knowing that licensure was required to possess a gun here. Although the case was decided on procedural grounds, we noted, again as dictum, that "the proscribed act is that of generally intending to carry a pistol coupled with the fact that such pistol is carried unlicensed in the District of Columbia. . . ." *Id.* at 710 n. 3.

We are, of course, bound by neither the *Brown* dictum nor the *Jackson* dictum. We are, however, persuaded to follow the statement in *Brown.*

Carrying a pistol without a license is a crime unknown to the common law, and therefore the common law criminal intent element does not apply. *See Logan v. United States,* D.C.App., 402 A.2d 822, 825 (1979); *Mitchell v. United States, supra* at 217. The statute does have limited exceptions. *See, e. g., id.; Cooke v. United States, supra* 107 U.S.App.D.C. at 224, 275 F.2d at 888. The District of Columbia has a great interest in protecting its citizenry from the dangers inherent in widespread ownership of weapons, *see McIntosh v. Washington,* D.C.App., 395 A.2d 744, 755 (1978); *Cooke v. United States, supra* 107 U.S.App.D.C. at 225, 275 F.2d at 889, and licensure is a legitimate means of attaining that goal. Appellant cannot effectively rely upon a contention that he was unaware of the law. *See McIntosh v. Washington, supra* at 756.

Finding that the trial court's instruction to the jury was not in error, appellant's judgment of conviction is

*Affirmed.*

KERN, Associate Judge, concurring:

My approach to this case differs from that of the majority but still leads me to the conclusion that appellant's conviction for carrying a pistol without a license must be affirmed.

The trial court at the conclusion of the trial refused to charge the jury in accordance with the standard "red book" instruction suggested for the particular crime at issue here and instead omitted the last phrase contained in the charge as set forth in No. 4.81 of the Criminal Jury Instructions for the District of Columbia (3d ed. 1978). Appellant urges the court's refusal to employ the suggested instruction in full constitutes reversible error. I agree that the instruction as given with this omission was error; however, under the circumstances, it was harmless error.

With all deference, the majority's approach in my view has unduly extended the statute, D.C.Code 1973, § 22–3204, to make the crime charged one of strict liability. By approving the trial judge's instruction which omits placing upon the government the burden of proving a general intent to commit one element of the crime, the majority sanctions a potential prosecution of one who in good faith and with due care obtains a license to carry a pistol but whose license is somehow faulty or invalid. This statutory construction results in strict liability which is contrary to authority and to the rules of statutory construction.

In *Brown v. United States,* D.C.Mun. App., 66 A.2d 491, 493 (1949), this court placed the burden of proving the lack of a license on the government by deciding that § 22–3204 proscribes *an act* composed of two elements: (1) carrying the pistol, and (2) without a license. In *Cooke v. United States,* 107 U.S.App.D.C. 223, 275 F.2d 887 (1960), the federal appellate court construed § 22–3204 to require proof of a general intent.[1] "All that is needed [to prove a violation of such code provision] is an intent to [do] the proscribed act." *Cooke v. United States, supra,* 107 U.S.App.D.C. at 225, 275 F.2d at 889. Thus, since the government must prove beyond a reasonable doubt a general intent to commit the act, which

---

1. Nonetheless, there have been repeated attempts, as in *Brown v. United States,* D.C.App., 379 A.2d 708 (1977), and here at trial, to defend against the charge on the ground that the government was bound to prove a *specific* intent on the part of a defendant.

act is composed of two elements, it must prove a general intent by the defendant to be without a license when carrying a pistol.[2]

We pointed out in *Brown v. United States, supra* at 493, that "[t]he statute [22–3204] being criminal, penal, prohibitive, and in derogation of common law, it must be given a *strict* rather than a *liberal construction*." (Emphasis added.)

For these reasons I am of opinion the court erred in failing to give the "red book" instruction. However, because of the overwhelming evidence against appellant and the lack of any evidence that appellant was unaware that he was without a license to carry a pistol in the District, the error in the court's instruction on intent was harmless. *Hall v. United States*, D.C.App., 383 A.2d 1086, 1090 (1978). Accordingly, I agree that the conviction should be upheld.

**2.** There does not seem to be any confusion regarding the other element; it seems settled that the government must prove a general intent to carry a pistol. *Mitchell v. United States*, D.C.App., 302 A.2d 216 (1973).