**Daryle R. MACKEY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 81–1238.

District of Columbia Court of Appeals.

Submitted Aug. 27, 1982.

Decided Oct. 7, 1982.

Gregory Collins, appointed by the court, Washington, D.C., for appellant.

Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., for appellee.

Before NEBEKER and BELSON, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellant, following a jury trial was convicted of two counts of petit larceny and one count of carrying a deadly weapon, D.C.Code 1981, §§ 22–2202, –3204. In urging reversal, he claims that there was insufficient evidence to support his convictions. We affirm the convictions for carrying a deadly weapon and the first count of petit larceny and reverse and remand for resentencing for the second count of petit larceny.

I

At approximately 3:00 a.m. on June 8, 1980, Tanya Williams left a nightclub in Northwest Washington and walked across the street to a parking lot where she had left her car. She immediately discovered that it had been broken into and that her wallet containing ten dollars in cash was missing. At the same time, Geraldine Daniels and LeRoy Talley left the club and walked toward Talley's car, which was parked next to Williams' vehicle. En route, a man clenching a ten dollar bill in his hand passed them. Upon reaching his car, Talley discovered that it too had been broken into. Suspicious of the man whom he had seen moments earlier, Talley immediately pursued him to inquire about the breaking. The suspect, later identified as Owens, made no verbal response but threatened Talley with a machete-type knife. At this point, Talley and Daniels reentered the club to call the police. They returned to the parking lot with their friend Baucum to wait for the police. Baucum discovered that his pocketbook was missing from Talley's car.

At around 4:00 a.m., Talley, Daniels and Baucum, from their vantage point in Talley's car, saw Owens leave the club and approach appellant and Michael Bennett. The three observers watched the activities of these men for the next hour. The observers testified that appellant and his cohorts would take turns leaving the area in front of the club, return and then place unidentified objects into two large shoulder bags.

When the police had not arrived by 5:30 a.m., Talley flagged down a patrol car to report the break-ins and the suspects' activities. Shortly thereafter, the suspects were located in a nearby parking lot. Appellant and Owens were sitting next to each other with a shoulder bag between them. Baucum's pocketbook was among the contents in the bag. Owens was immediately placed under arrest. At this time and without the knowledge of the arresting officer, the three complainants saw Owens slip appellant a large machete-type knife. Appellant attempted to conceal the weapon in his clothing. This exchange was pointed out to a second officer who frisked appellant and removed the knife[1] from his waistband. Following his arrest, appellant told the police that he had found the knife on the ground and was carrying it for his protection.

II

Appellant claims that the government failed to sustain its burden of proof that he aided and abetted Owens in the commission of the theft of ten dollars from Williams and of the pocketbook from Baucum. We find that there is insufficient evidence to support appellant's conviction for theft of the ten dollar bill since he came onto the scene well after the Williams theft and when Owens was seen with the bill. We reverse as to this count only. *Cf. Bailey v. United States,* 135 U.S.App.D.C. 95, 98, 416 F.2d 1110, 1113 (1969).

1. The knife measured approximately 12 inches in length and had an eight-inch blade.

It is well-established that an individual who knowingly participates in the commission of a criminal act by assisting the principal is equally liable. The elements to establish aiding and abetting are (1) that an offense was committed by someone, (2) that the accused assisted or participated in the commission, and (3) that he did so with guilty knowledge. *Byrd v. United States,* D.C.App., 364 A.2d 1215, 1219 (1976). To ascertain whether an accused is liable as an aider and abettor, a reviewing court must view the evidence in a light most favorable to the government. *See Ellis v. United States,* D.C.App., 395 A.2d 404, 411 (1978). The facts and circumstances of this case reveal that each of these elements has been satisfied. Appellant, shortly after the thefts, was found sitting next to a shoulder bag containing one of the stolen items. Appellant's possession of the stolen pocketbook, coupled with the testimony regarding his interaction with Owens and Bennett, permitted the jury to infer that the theft of Baucum's pocketbook was part of a joint endeavor and that appellant was a participant in the crimes. *See Creek v. United States,* D.C.App., 324 A.2d 688, 689 (1974); *Pendergrast v. United States,* 135 U.S.App. D.C. 20, 31, 416 F.2d 776, 787 (1969). Appellant's involvement in the crime was further evidenced by his attempt to conceal the knife which Owens had passed to him. In view of these facts, we find that there was sufficient evidence to establish that appellant aided and abetted in the theft of the pocketbook. We find no error.

### III

Additionally, appellant challenges his weapons conviction, D.C.Code 1981, § 22–3204, on the theory that a reasonable juror could not conclude that he intended to possess the knife for use as a deadly or a dangerous weapon. This argument is without merit.

Contrary to appellant's claim, proof of intent to use a weapon for an unlawful purpose is not an element of a § 22–3204 violation. *Mitchell v. United States,* D.C.App., 302 A.2d 216, 217 (1973); *Leftwich v. United States,* D.C.App., 251 A.2d 646 (1969). Although criminal intent is an essential element in crimes derived from the common law, carrying a concealed weapon was not a crime at common law and the only required proof of this section is an intent to do the proscribed act. *See McMillen v. United States,* D.C.App., 407 A.2d 603, 605 (1979). Here, appellant's actions establish the requisite general intent to uphold his conviction.

Accordingly, we reverse the judgment of conviction of petit larceny charging theft from Williams. We affirm the other convictions. Given the general sentence (one year probation under 18 U.S.C. § 5010(a) (1976) of the Federal Youth Corrections Act), we remand for resentencing as the trial court may deem appropriate.

*So ordered.*