STATE of Wisconsin, Plaintiff-Respondent,

v.

Terrance L. PERGANDE, Defendant-Appellant.†

Court of Appeals

*No. 87–1057–CR. Argued May 5, 1988.—Decided August 4, 1988.*

(Also reported in 430 N.W.2d 364.)

† Petition to review denied.

For the defendant-appellant there were briefs by *Richard D. Martin,* assistant state public defender, and oral argument by *Richard D. Martin,* assistant state public defender.

For the plaintiff-respondent there was a brief by *Donald J. Hanaway,* attorney general, and *Sharon Ruhly,* assistant attorney general, and oral argument by *Sharon Ruhly,* assistant attorney general.

Before Dykman, Eich and Sundby, JJ.

DYKMAN, J. Terrance L. Pergande appeals from a judgment of conviction for theft, contrary to secs. 943.20(1)(a) and 943.20(3)(d)5, Stats. The sole issue is whether the evidence is sufficient to sustain a conviction for "retaining possession" of stolen guns where the guns were purchased and resold about thirty minutes later. We conclude the evidence is sufficient, and affirm the conviction.

In May 1985, Eric Anderson stole several handguns from Richard Wayne. He sold two of the guns to his uncle, Dean Streuly. Streuly then sold the guns to Pergande.

Richard Wayne testified that five pistols and a gun case were stolen from him in May 1985. After a hearing in a previous case in August 1985, Wayne had a conversation with Pergande in the elevator. Pergande apologized and said he did not know the guns belonged to Wayne and that he sold the guns approximately thirty minutes after receiving them. This is the only evidence as to what happened to the guns after Pergande purchased them.

Pergande was charged with and convicted of possession of movable property of another without consent with intent to deprive the owner permanently of possession of such property, contrary to secs. 943.20(1)(a) and 943.20(3)(d)5, Stats.[1] Section 943.20(1) provides:

> Whoever does any of the following may be penalized as provided in sub. (3):
>
> (a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property.

Pergande concedes the evidence was sufficient to sustain a conviction for possession of stolen property. He contends, however, that the evidence was insufficient to establish that he *retained* possession. Pergande contends the retention must be for an appreciable length of time, i.e., long enough to establish it as a

---

[1]Pergande did not challenge the sufficiency of the complaint even though it charged him with possession rather than retaining possession.

separate volitional act. Here, he argues, his possession was merely incidental to a quick sale.

The trial court concluded that the possession need not be for an appreciable period of time to constitute "retaining possession." The interpretation of a statute and its application to a set of facts are questions of law which we review de novo. *Glover v. Marine Bank of Beaver Dam,* 117 Wis. 2d 684, 691, 345 N.W.2d 449, 452 (1984). The purpose of statutory construction is to ascertain and give effect to the legislature's intent. *State v. Denter,* 121 Wis. 2d 118, 122, 357 N.W.2d 555, 557 (1984). The general purpose of the theft statute is to "proscribe the exercise of unauthorized control over the movable property of another." *Berry v. State,* 90 Wis. 2d 316, 330, 280 N.W.2d 204, 211 (1979), *cert. denied,* 444 U.S. 1020 (1980). Words and phrases in the statute should be given a "practical, common-sense construction." *Id.*

Section 943.20(1)(a), Stats., is to be read as proscribing five disjunctive acts: taking and carrying away, using, transferring, concealing, or retaining possession. *State v. Genova,* 77 Wis. 2d 141, 145, 252 N.W.2d 380, 382 (1977). Each is a separate type of theft or property deprivation. The statute does not limit the number of separate charges a prosecutor may file. *State v. Tappa,* 127 Wis. 2d 155, 168, 378 N.W.2d 883, 889 (1985).

*Tappa* held that the acts of transferring and concealing the same property are sufficiently different to justify charging them as separate offenses. It noted that the transfer involved a separate volitional act and was not incidental to the concealment. 127 Wis. 2d at 169, 378 N.W.2d at 889. In contrast, the court reversed a conviction for illegal possession of liquor in

236

*Mularkey v. State,* 199 Wis. 269, 272–73, 225 N.W. 933, 934 (1929), because there was no evidence of possession other than such as was strictly incidental to the transportation. The court observed that "[o]ne cannot transport liquor without for that purpose having possession of it." *Id.* at 272, 225 N.W. at 934.

The state argues that *Mularkey* and *Tappa* are inapplicable because Pergande was not charged with more than one count of theft involving the same property. Therefore, the state contends, it need not have proven that Pergande's retention of the guns was a volitional act apart from any other exercise of unauthorized control prohibited under sec. 943.20(1)(a), Stats.

*Mularkey* was concerned with whether there was sufficient evidence to sustain separate convictions for unlawful possession and transportation. 199 Wis. at 272, 225 N.W. at 934. *Tappa* involved whether a defendant may be charged under sec. 943.20(1)(a), Stats., with two separate counts for concealing and transferring the same property. 127 Wis. 2d at 160, 378 N.W.2d at 885. Neither case holds that the state cannot prosecute a defendant solely for "retaining possession" even if the possession was arguably incidental to another act of theft under sec. 943.20(1)(a).[2]

The question, then, is whether evidence that Pergande had the stolen guns in his possession for approximately thirty minutes before selling them can sustain a conviction for "retaining possession."

The state contends that the period of time necessary to constitute "retaining possession" must be long enough to be consistent with a lack of lawful authority

---

[2] We need not address whether Pergande could have been charged with both retaining possession and transferring the guns since he was not so charged.

for the possession and with an intent to deprive the owner permanently of possession. We conclude this is a reasonable approach. Section 943.20(1)(a), Stats., provides that one is guilty of theft if he or she "[i]ntentionally ... retains possession of movable property of another ... with intent to deprive the owner permanently of possession of such property." *Berry,* 90 Wis. 2d at 330, 280 N.W.2d at 211, provides that the general purpose of sec. 943.20 is "to proscribe the exercise of unauthorized control over the movable property of another."

The test on review of a jury verdict is whether the jury, not the appellate court, is convinced that a defendant did or did not consummate the crime. *Berry,* 90 Wis. 2d at 330, 280 N.W.2d at 211. The jury could have concluded that the thirty minute possession was consistent with a lack of lawful authority and with an intent to permanently deprive the owner of possession. The evidence is sufficient.

We see no inconsistency between this holding and *State v. Lund,* 99 Wis. 2d 152, 298 N.W.2d 533 (1980), *State v. Krueser,* 91 Wis. 2d 242, 280 N.W.2d 270 (1979), and *State v. Berg,* 116 Wis. 2d 360, 342 N.W.2d 258 (Ct. App. 1983). While the defendant in each of these cases was caught in possession of property and convicted of "retaining possession," none of the cases defines what length of time is necessary to constitute "retaining possession." Pergande concedes that he did not have to be caught with the property in his possession to be properly convicted of "retaining possession."

*By the Court.*—Judgment affirmed.