NEBEKER, Senior Judge,
concurring:
As the Supreme Court of Washington State aptly said in 1976, as a general rule, “this court will decide only such questions as are necessary for a determination of the case presented for consideration, and will not render decisions in advance of such necessity.” Johnson v. Morris, 87 Wash.2d 922, 930-31, 557 P.2d 1299 (1976). Thus I am prompted to concur in the result, and offer a review of the harmless error rule, its purpose and application to the case before us.
Section ll-721(e) of the D.C.Code is “a codification of the harmless error rule,” Brown v. United States, 379 A.2d 708, 710 (D.C.1977), and provides:
On the hearing of any appeal in any case, the District of Columbia Court of Appeals shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties. (Emphasis added.)
All fifty states have codified the harmless error rule and Congress first codified the rule in 1919, “establishing] for [the federal] courts the rule that judgments shall not be reversed for ‘errors or defects which do not affect the substantial rights of the parties.’ ” Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Kotteakos v. United States, 328 U.S. 750, 758-59, 66 S.Ct. 1239, 90 *880 L.Ed. 1557 (1946). Prior to 1919, in applying the common-law harmless-error rule, there was a “practice in some jurisdictions of reversing convictions on appeal for any procedural error at trial, without regard to whether the error was prejudicial.” United States v. Lane, 474 U.S. 438, 457, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986) (emphasis added). The result of this practice was to make “[s]o great the threat of reversal” that a “criminal trial became a game for showing reversible error in the record.” Kotteakos, supra, 328 U.S. at 760, 66 S.Ct. 1239. In response to criticism from several leaders in the legal profession, including Taft, Wigmore, Pound, and Hadley, Congress passed the 1919 Act, explaining that the purpose was to ensure that considerations of error “be rendered upon the merits without permitting reversals for technical defects in the procedure below.” United States v. Lane, supra, 474 U.S. at 457-58, 106 S.Ct. 725 (quoting H.R.Rep. No. 913, 65th Cong., 3d Sess., 2 (1919)).
So valuable is this rule in' maintaining judicial efficiency that our legislation provides our court no discretion in determining whether to reverse in the face of a harmless error. By employing the word “shall,” the statute makes clear that adherence “is required.” Black’s Law Dictionary 1585 (10th ed.2014). See also Randolph v. United States, 882 A.2d 210, 221 (D.C.2005) (characterizing § ll-721(e) as a “command”); Arnold v. United States, 358 A.2d 335, 341 (D.C.1976) (same). We therefore shall “give judgment ... without regard to errors.” The word “regard” in this respect means “[attention, care, or consideration.” Black’s Law Dictionary, supra, 1472. It is clear from the language of § ll-721(e), that the purpose of the harmless error rule was not only to prevent frequent reversals on technicalities, but also to promote judicial efficiency. See also D.C.Super. Ct. R.Crim. P. 52(a).
Some might argue that error must be identified before we disregard it. To do so would be contrary to the purpose of the rule — judicial efficiency. An assumption of error, without deciding it for posterity, will do. In the case before us, the majority takes great lengths to decide an issue that we are commanded, by the harmless error rule, to disregard. The last part of this opinion most aptly makes the case for harmlessness, and I concur in that portion of it only, not because I necessarily disagree with the first part, but because it engages in an unnecessary extrapolation, counter to the very purpose of the harmless error rule, which in time compromises the efficiency in opinion writing.