Clifton R. HENSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 11946, 12619.

District of Columbia Court of Appeals.

Argued Oct. 16, 1978.

Decided Feb. 13, 1979.

Kenneth E. Labowitz, Alexandria, appointed by this court, for appellant.

William J. Hardy, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., John A. Terry, Timothy J. Reardon, III, and Peter E. George, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and YEAGLEY and MACK, Associate Judges.

NEWMAN, Chief Judge:

Appellant, convicted of one count of carrying a pistol without a license, seeks reversal on the grounds that the government suppressed exculpatory material and that the trial court erred in refusing to admit certain hearsay statements into evidence. He also challenges the sentence imposed by the trial court, arguing that it was improper to use the same prior felony conviction to enhance his sentence under two separate statutes. We affirm the conviction but vacate the sentence and remand for resentencing.

I

On April 21, 1974, police officers arrested appellant and Wesley Brown in a car driven by appellant after a brief high-speed chase that terminated in a crash. The officers found two pistols, one in appellant's belt and the other wrapped in a towel, on the

floor near where Brown was sitting. On May 8, 1974, appellant and Brown both were indicted [1] for carrying a pistol without a license, D.C.Code 1973, § 22–3204.

On July 19, 1974, the government filed two informations pursuant to D.C.Code 1973, § 23–111. One recited appellant's conviction of housebreaking in 1964. Appellant was thereby subjected to a maximum of ten years' imprisonment if convicted of a violation of D.C.Code 1973, § 22–3204. The second information recited the 1964 housebreaking conviction as well as a conviction of robbery in 1970. This information, known colloquially as "life papers," sought to invoke the increased punishment provisions of D.C.Code 1973, § 22–104(a), which provides a maximum of life imprisonment.[2]

At the time of his arrest appellant was on parole from the 1970 conviction for robbery. The District of Columbia Board of Parole (the Board) began proceedings to determine whether appellant's parole should be revoked. On September 13, 1974, the Board conducted a hearing attended by appellant and his counsel. Brown appeared voluntarily at the hearing and told the Board that he had been in possession of both pistols; that appellant had been rendered unconscious by the crash; and that, in the brief period between the crash and their arrest while appellant was still unconscious, he had slipped one of his pistols into appellant's belt where police found it. The United States was not represented at this hearing and Brown was not under oath while testifying. *See* 9 DCRR 303.3 (1972).

At a status hearing, the trial judge severed the cases and continued Brown's trial until the conclusion of the appellant's trial. At the same hearing Brown's attorney an-

nounced that his client would assert his Fifth Amendment privilege against self-incrimination if called to testify. In light of Brown's unavailability, appellant requested that he be provided with a transcript of Brown's statement before the Board. He stated his desire to introduce it at trial as exculpatory evidence or to use it to impeach Brown should he change his mind and testify. The trial court denied the request, stating that Brown's declarations before the Board were inadmissible as substantive evidence but would be allowed for impeachment if Brown testified. The court ruled further that the chairman of the Board would be made available to testify with the transcript should Brown decide to testify and alter his story.[3]

The case proceeded to trial on December 9, 1974, and on December 10, 1974, the jury found appellant guilty as charged. On January 31, 1975, the trial judge sentenced appellant to a prison term of from seven to twenty-five years.

## II

Appellant argues first, that he was denied due process when the trial court denied his motion to produce the transcript of Brown's testimony before the Board. Appellant bases his argument on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He contends that the prosecutor is required to disclose all evidence favorable to the accused in a criminal case, whether or not that evidence would be admissible at trial, and that the trial court's refusal to order a transcript was tantamount to suppression. "[T]he rule of *Brady* applies basically in three situations, each involving the discovery after trial of infor-

---

1. D.C.Code 1973, § 23–111(a)(2) (the Code section setting forth the procedures to establish prior convictions for enhanced punishment) provides:

    An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years, unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

2. Brown had no adult convictions.

3. The record suggests that a transcript was produced and that appellant did see it. Because the matter is less than clear and because appellant phrased his argument in terms of access to and use of a transcript, we will address the issues in that manner.

mation which had been *known to the prosecution but unknown to the defense."* Smith v. United States, D.C.App., 363 A.2d 667, 668 (1976), citing *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (emphasis added). Appellant, who was present with his attorney at the proceeding before the Board, was fully aware of the existence and the contents of Brown's statement. We are unable, therefore, to credit any suggestion that the government suppressed exculpatory material.

We are satisfied also that the trial court did not err in ruling that the statement would be inadmissible at trial, other than to impeach Brown in the event he testified adversely to appellant. The statement was hearsay and therefore was inadmissible as substantive evidence unless it fell within one of the exceptions to the hearsay rule. The two exceptions asserted by appellant are those dealing with prior recorded testimony and with statements against the declarant's penal interest.

■■■ Prior recorded testimony is admitted into evidence as an exception to the hearsay rule

> when (1) the direct testimony of the declarant is unavailable, (2) the former testimony was given under oath or affirmation in a legal proceeding, (3) the issues in the two proceedings were substantially the same, and (4) the party against whom the testimony now is offered had the opportunity to cross-examine the declarant at the former proceedings. [*Alston v. United States,* D.C.App., 383 A.2d 307, 315 (1978) (citations omitted).]

Brown's testimony before the Board was not given under oath or affirmation. Moreover, even assuming that the issues in the two proceedings were substantially the same, no one from the U.S. Attorney's office was present at the Board's hearing or had the opportunity to cross-examine Brown. Thus, the statement was not admissible under this exception.

■■■ Appellant also asserts the applicability of the exception to the hearsay rule for statements against the declarant's penal

interest. This court has not had the occasion to accept the penal interest exception to the hearsay rule nor does this case present us with one. *See Steadman v. United States,* D.C.App., 358 A.2d 329, 331–32 (1976). Assuming for the sake of discussion that this court were to adopt the position of the Federal Rules of Evidence and recognize statements against penal interest as an exception to the hearsay rule, the fact that a statement was alleged to have been contrary to the declarant's penal interest would not be sufficient to warrant its admission into evidence. "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Fed.R.Evid. 804(b)(3). The courts have recognized four general considerations as the key to a proffered statement's admissibility:

(1) the time of the declaration and the party to whom the declaration was made;

(2) the existence of corroborating evidence in the case;

(3) the extent to which the declaration is really against the declarant's penal interest;

(4) the availability of the declarant as a witness. [*United States v. Guillette,* 547 F.2d 743, 754 (2d Cir. 1976), *cert. denied,* 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977), citing *Chambers v. Mississippi,* 410 U.S. 284, 300–01, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).]

The trial court's inquiry into the trustworthiness of the proffered hearsay statement contains two considerations: whether the declarant in fact made the statement and whether the statement itself is sufficiently reliable, *United States v. Bagley,* 537 F.2d 162, 167–68 (5th Cir. 1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977), although these two considerations may often tend to merge. To determine whether a hearsay statement against the declarant's penal interest is sufficiently trustworthy to be admitted under Rule 804(b)(3), the trial court must determine

"whether the statement so far tended to subject [the declarant] to criminal liability that a reasonable man in his position would not have made the statement unless he believed it to be true," *id.* at 165, and whether "corroborating circumstances *clearly indicate* the trustworthiness of the statement." Fed.R.Evid. 804(b)(3) (emphasis added). "This requirement goes beyond minimal corroboration." *United States v. Barrett,* 539 F.2d 244, 253 (1st Cir. 1976).

■ We have no doubt that Brown's statement was made, that it arguably inculpates him, and that it exculpates appellant. We find, however, that "corroborating circumstances [which] *clearly indicate* the trustworthiness of the statement" to be totally lacking. Brown and appellant were arrested in the same car in which the police found two pistols; both were charged with the same offense. As a practical matter, Brown (who was not represented by counsel before the Board), was not exposing himself to significantly greater liability by saying that both pistols, as distinguished from only one, were his.[4] Appellant, on the other hand, faced not only revocation of his parole but also the possibility of an enhanced penalty under D.C.Code 1973, § 22–3204, as a convicted felon found in possession of a dangerous weapon. Outside of the fact that Brown invoked his Fifth Amendment privilege after the trial court refused his guilty plea and continued his case until the conclusion of appellant's case, nothing in the record suggests that his statement was trustworthy. Indeed, the record strongly indicates fabrication. Thus, we hold that even if Fed.R.Evid. 804(b)(3) was applicable in the courts of the District of Columbia, the statement of Brown still would have been inadmissible.

### III

As his third assignment of error, appellant contends that the sentence imposed by the trial court was improper.

D.C.Code 1973, § 22–3204, under which appellant was convicted, states in pertinent part:

Whoever violates this section shall be punished as provided in section 22–3215 [up to a maximum fine of $1,000 or up to a maximum prison term of one year or both], unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony, either in the District of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years.

No statute applicable to the District of Columbia provides a general definition of either "felony" or "misdemeanor." Largely for historical reasons, the courts in this jurisdiction generally define "felony" as any offense for which the maximum penalty provided for the offense is imprisonment for more than one year; generally, all other crimes are misdemeanors. *Stephens v. United States,* 106 U.S.App.D.C. 249, 250 n.1, 271 F.2d 832, 833 n.1 (1959).

D.C.Code 1973, § 22–104a(a), which provides enhanced punishment for habitual criminals, states in pertinent part:

If—(1) any person (A) is convicted in the District of Columbia of a felony, and (B) before the commission of such felony, was convicted of at least two felonies . . . the court may, in lieu of any sentence otherwise authorized for the felony referred to in clause (A) of paragraph (1), impose such greater sentence as it deems necessary, including imprisonment for the natural life of such person.

Exposure to a possible ten-year sentence under § 22–3204 enabled the trial court to construe appellant's conviction as a felony. *Cf. Palmore v. United States,* D.C.App., 290 A.2d 573, 574–80 (1972), *aff'd* 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973), (which described a conviction under § 22–3204, sustained by a previously convicted felon as a "felony". The case involved legal compe-

---

4. This is so whether one apprehended carrying two pistols without licenses thereby commits two offenses or one offense since, with no prior convictions, the sentence upon conviction may likely be the same. On the other hand, if carry-

ing two pistols without a license constitutes a single offense, query the *extent* to which the declaration as it relates to the second pistol was really against Brown's penal interest.

tence of the Superior Court, as opposed to the United States District Court, to try a felony case). Pursuant to the procedures of § 23–111, the government filed a second information reciting appellant's 1964 housebreaking conviction, the subject of the first information, and stating that he had been convicted of robbery in 1970. It was on this basis that the court treated appellant as having been convicted of three felonies and sentenced him to serve a term of seven to twenty-five years to run consecutively from any other sentences being served.[5]

Section 22–3204 defines the offense of carrying a pistol without a license as a misdemeanor offense when there is no appropriate prior conviction and as a felony offense when there is an appropriate prior conviction—either a conviction under § 22–3204 or any felony conviction. *See Stephens v. United States, supra* at 250 n.1, 271 F.2d at 833 n.1. *Cf. Smith v. United States,* D.C.App., 304 A.2d 28, 33, *cert. denied,* 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973) (holding that petit larceny, D.C.Code 1973, § 22–2202, a misdemeanor, did not become an indictable offense despite the fact that repeated convictions of that offense exposed the accused to a maximum three-year sentence under D.C.Code 1973, § 22–104.) The issue before us is whether Congress intended to permit a single prior felony conviction to do double duty—to transform a violation of § 22–3204 into a felony offense and to serve as one of the two prior felonies required to impose a maximum life sentence under § 22–104a for the same violation of § 22–3204 *in the same proceeding.* The legislative history of § 22–104a, enacted in 1970, is mute on the issue. *See* H.R.Rep.No.907, 91st Cong., 2d Sess. 8, 65–66, 168, 228; *reprinted in* [1970] D.C.Code Legis. & Ad.News 398, 408, 461,

[ ], 559; H.R.Rep.No.1303, 91st Cong., 2d Sess. 232, *reprinted in* [1970] D.C.Code Legis. & Ad.News 562, 576.[6] Neither can we discern a manifest intent on the part of the Congress to have a prior felony serve double duty in this situation.[7] When a penal statute is capable of two or more reasonable constructions the "rule of lenity" directs our attention to the least harsh among them. *Bell v. United States,* 349 U.S. 81, 83–84, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *United States v. Young,* D.C.App., 376 A.2d 809, 812 n.2 (1977); *United States v. Stokes,* D.C.App., 365 A.2d 615, 619 (1976); *Hicks v. District of Columbia,* D.C.App., 234 A.2d 801, 804 n.14 (1967), and cases cited therein. We find the rule applicable to the facts of this case and hold that *in the same proceeding,* a single prior felony conviction may not be used to convert a conviction under § 22–3204 into a felony offense and to serve as one of the two prior felony convictions for enhanced sentencing under § 22–104a.[8]

*Affirmed in part, reversed in part, and remanded for resentencing.*

---

5. Such a sentence for a violation of § 22–3204 is permissible only if it falls within the ambit of § 22–104a(a).

6. Section 22–3204 was last amended in 1953, so any legislative history speaking to that or any prior legislative activity or discussion will not illuminate Congress' intent as to the interplay of these two provisions.

7. Although the issue is not before us, no readily apparent constitutional reason would prevent Congress from directing that a single prior felony conviction could serve double duty under § 22–3204 and § 22–104a.

8. Our holding is a most narrow one, for we leave undisturbed the character of a § 22–3204 conviction which, with the appropriate prior conviction, is a felony conviction for all purposes.