Steven JONES, Appellant,

v.

UNITED STATES, Appellee.

No. 79–464.

District of Columbia Court of Appeals.

Submitted March 25, 1980.

Decided June 30, 1980.

Bruce B. McHale, Washington, D. C., appointed by the court, was on the brief for appellant.

Carl S. Rauh, U. S. Atty. at the time the brief was filed, Washington, D. C., John A. Terry, Noel Anketell Kramer, and Sylva A. Royce, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, HARRIS, Associate Judge, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

■ Brought into question by this appeal are enhanced sentences imposed after pleas of guilty to charges of robbery (D.C.Code 1973, § 22–2901) and carrying a pistol without a license (D.C.Code 1973, § 22–3204). The sole claim of error is that the same prior felony conviction was used to enhance the sentence for each offense, contrary to the doctrine of *Henson v. United States,* D.C.App., 399 A.2d 16, *cert. denied,* 444 U.S. 848, 100 S.Ct. 96, 62 L.Ed.2d 62 (1979). We find no impropriety in either sentence and affirm.

Appellant was charged in a two-count indictment with armed robbery (D.C.Code 1973, §§ 22–2901–3202) and carrying a pistol without a license (D.C.Code 1973, § 22–3204). Prior to arraignment, the government filed, pursuant to D.C.Code 1973, § 23–111(a)(2), two informations. One informed the court of appellant's previous conviction for armed robbery and his vulnerability to an enhanced sentence if again convicted of armed robbery.[1] The second information recited the same prior conviction for armed robbery and informed the court that the offense of carrying a pistol without a license, defined by D.C.Code 1973, § 22–3204 as a misdemeanor, would be converted into a felony upon conviction of the pending weapons charge.[2]

Thereafter and following plea proceedings consistent with Super.Ct.Cr.R. 11(c), appellant entered pleas of guilty to robbery[3] and carrying a pistol without a license.

In recognition of *Henson v. United States, supra,* decided the day after appellant entered his guilty pleas, the court postponed sentencing and directed counsel to submit memoranda addressed to its applicability in the then pending sentencing proceedings.

---

1. D.C.Code 1973, § 22–104 provides in part:
 (a) If any person—
 (1) is convicted of a criminal offense . . . and
 (2) was previously convicted of a criminal offense . . . which offense, at the time of conviction referred to in paragraph (1), is the same as, constitutes, or necessarily includes, the offense referred to in that paragraph,
 such person may be sentenced . . . to imprisonment for a term not more than one and one-half times the maximum term of imprisonment prescribed for that conviction.
 . . .
 (b) This section shall not apply in the event of conflict with any other provision of law which provides an increased penalty for a specific offense by reason of a prior conviction of the same or any other offense. . .

2. D.C.Code 1973, § 22–3204 provides in pertinent part:
 Whoever violates this section shall be punished as provided in section 22–3215 [up to maximum fine of $1,000, or up to a maximum prison term of one year, or both], unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony . . . in which case he shall be sentenced to imprisonment for not more than ten years. . . .

3. D.C.Code 1973, § 22–2901 provides for a maximum penalty for robbery of 15 years' imprisonment, absent any previous conviction for an offense described in D.C.Code 1973, § 22–104(a)(2).

Concluding, after due consideration of the memoranda, that *Henson* was not controlling, the court sentenced appellant to imprisonment for an enhanced term of from six to not more than twenty-two years on the robbery count and to an enhanced term of from three to not more than ten years on the weapons count. The sentences were made to run concurrently, one with the other, but consecutively to any sentence then being served. This appeal followed.

Appellant relies now, as he did in the trial court, on our recent decision in *Henson*; he contends that its doctrine is controlling with respect to the enhanced sentences imposed. In our view, such reliance is misplaced. In *Henson* we said:

The issue before us is whether Congress intended to permit a single prior felony conviction to do double duty—to transform a violation of § 22–3204 into a felony offense and to serve as one of the two prior felonies required to impose a maximum life sentence under § 22–104a for the same violation of § 22–3204 *in the same proceeding*. The legislative history of § 22–104a, enacted in 1970, is mute on the issue. *See* H.R.Rep. No. 907, 91st Cong., 2d Sess. 8, 65–66, 168, 228; *reprinted in* [1970] D.C.Code Legis. & Ad. News 398, 408, 461, [ ], 559; H.R.Rep. No. 1303, 91st Cong., 2d Sess. 232, *reprinted in* [1970] D.C.Code Legis. & Ad.News 562, 576. Neither can we discern a manifest intent on the part of Congress to have a prior felony serve double duty in this situation. When a penal statute is capable of two or more reasonable constructions the "rule of lenity" directs our attention to the least harsh among them. *Bell v. United States*, 349 U.S. 81, 83–84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955); *United States v. Young*, D.C.App., 376 A.2d 809, 812 n.2 (1977); *United States v. Stokes*, D.C.App., 365 A.2d 615, 619 (1976); *Hicks v. District of Columbia*, D.C.App., 234 A.2d 801, 804 n.14 (1967), and cases cited therein. We find the rule applicable to the facts of this case and

hold that *in the same proceeding* a single prior felony conviction may not be used to convert a conviction under § 22–3204 into a felony offense and to serve as one of the two prior felony convictions for enhanced sentencing under § 22–104a. [*Henson, supra* at 21, emphasis in original; footnotes omitted.]

We noted at 21 n.8 that the holding in *Henson* "is a most narrow one, for we leave undisturbed the character of a § 22–3204 conviction which, with the appropriate prior conviction, is a felony conviction for all purposes." Thus, while the *Henson* rules does require us to reject any attempt to make a single prior felony conviction do "double duty" within the confines of a single criminal proceeding, it clearly accommodates the critical distinction we note in the case at bar. Appellant's prior felony conviction is not used to convert his § 22–3204 weapons offense into a felony and then serve as one of two prior felony convictions for enhanced sentencing under § 22–104a. That would be the very "bootstrapping" barred by *Henson*. Here, appellant's prior felony conviction was used first to expose him to the express provisions for recidivism in § 22–3204, which provides that if the violation of the section occurs after conviction of a felony, " . . . he *shall* be sentenced to imprisonment for not more than ten years." (Emphasis added.) [4]

The second use of the prior felony conviction—to enhance the maximum sentence for the robbery—was compelled, in our view, by the plain requirements of D.C.Code 1973, § 22–104,[5] and relevant case law interpretative of Congressional intent concerning recidivism. *Smith v. United States*, D.C.App., 304 A.2d 28, *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973). In *Smith, supra* at 32, we said: "The purpose of the repeat offender statute was to provide new tools and sentencing alternatives to the trial judge to protect society and to secure certain additional safeguards, due process rights, and the rehabilitation of the convicted offender." (Citations omitted.)

---

4. *See* note 2 *supra*.

5. *See* note 1 *supra*.

In *Savage v. United States*, D.C.App., 313 A.2d 880 (1974), we remanded for resentencing because the enhanced penalty provisions of D.C.Code 1973, § 22–3204 had not been invoked and the trial court sentenced appellant without cognizance of their applicability.

In sum, we cannot accept a construction of law which compels a choice of which charge to use for enhanced punishment. We hold, therefore, that *Henson* does not require that a prior felony conviction be used only once for enhanced punishment where, as here, there are multiple charges in a single criminal proceeding, and no attempt is made to use a § 22–3204 converted felony for § 22–104a purposes.

The record shows that the court strictly complied with the duties imposed by D.C. Code 1973, § 23–111(b)[6] and Super.Ct.Cr.R. 11(c) and (d).[7] Appellant does not contend that his plea agreement was defective[8] or that his sentencing proceedings were defective in any respect. Nor does he contend that his prior conviction was invalid. Since we have determined that the sentences were within statutory limits, we are precluded from reviewing their severity. *Jones v. United States*, D.C.App., 401 A.2d 473, 476 (1979); *Allen v. United States*, D.C.App., 383 A.2d 363, 368 (1978); *Walden v. United States*, D.C.App., 366 A.2d 1075, 1076 (1976).

*Affirmed.*

---

6. Section 23–111(b) requires, in part, that the court inquire of the defendant whether he affirms or denies the alleged previous conviction.

7. Super.Ct.Cr.R. 11(c) and (d) require the court to address the defendant personally in open court before accepting a plea of guilty in order to determine if the plea is a knowing and voluntary one.

8. All the advice given by defense counsel was not required to survive a "litmus test" of retrospective examination in order to qualify as the "intelligent" factor in the guilty plea equation. *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970).