**Van D. LAGON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 81–500.**

District of Columbia Court of Appeals.

Submitted Jan. 7, 1982.

Decided Feb. 24, 1982.

Kenneth E. Labowitz, Alexandria, Va., appointed by this court, for appellant.

Richard A. Stanley, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, and John R. Fisher, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and FERREN and PRYOR, Associate Judges.

NEWMAN, Chief Judge:

The question for decision in this appeal is whether D.C.Code 1981, § 22–104a, which authorizes the imposition of enhanced penalties for habitual criminals, may be applied to a defendant who is convicted of a felony which itself authorizes additional penalties because the defendant committed the felony while armed. We hold that an enhanced penalty by virtue of the defendant's previous convictions is permissible regardless of the fact that the defendant is subject to an enlarged penalty by virtue of committing a crime while armed. Thus, defendant's fourteen to forty-two year sentence was lawful.

### I

Appellant was charged with numerous crimes arising from an armed assault on a police officer. Prior to trial, the government filed an information pursuant to D.C. Code 1981, § 23–111(a)(1), stating that appellant had twice previously been convicted of felonies and thus was subject to enhanced penalties for habitual offenders un-

der D.C.Code 1981, § 22–104a.[1] Appellant entered a plea of guilty to one count of assault on a police officer with a dangerous weapon, D.C.Code 1981, § 22–505(b).[2] This section provides for a maximum sentence of imprisonment of not more than ten years. In contrast, assaults on a police officer that do not involve weapons are punishable by not more than five years of imprisonment. D.C.Code 1981, § 22–505(a).

The trial judge sentenced appellant, under the provisions of § 22–104a, to a term of imprisonment of fourteen to forty-two years and ordered the sentence to run consecutive to any other previously imposed sentence. Because the trial court failed to follow the terms of D.C.Code 1981, § 23–111(b) for the imposition of an enhanced sentence,[3] this court vacated the sentence and remanded the case to the Superior Court for resentencing.

On remand, appellant challenged the authority of the court to resentence him under the enhancement provision of § 22–104a. However, on April 7, 1981, the trial judge denied appellant's motion to dismiss the sentencing enhancement proceedings and reimposed the original sentence of fourteen to forty-two years. This appeal followed.

## II

■ Appellant contends that his sentence, pursuant to § 22–104a, is unlawful and that he cannot receive more than the maximum sentence of ten years provided by § 22–505(b), the crime for which he was convicted. Appellant, relying on *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), and *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), contends that since he was subject to the enhancement provisions of § 22–505(b), he cannot also be subject to the habitual offender enhancement provisions of § 22–104a. He maintains that because the offense for which he was convicted contains its own enhancement provision, rules of statutory construction and lenity preclude the application of sentence enhancement under § 22–104a.

Appellant's argument is flawed because it fails to recognize that the enhancement provisions within the assault and habitual offender statutes each address a distinct societal concern and are designed to protect society from different evils. Congress' legitimate concern with deterrence of *violent* crime has led it to impose greater punishment on crimes committed while armed. *See* D.C.Code 1981, § 22–3202; H.R.

1. Section 22–104a provides in pertinent part that:

    (a) If: (1) Any person: (A) Is convicted in the District of Columbia of a felony; and (B) before the commission of such felony, was convicted of at least 2 felonies; and (2) the court is of the opinion that the history and character of such person and the nature and circumstances of his criminal conduct indicate that extended incarceration or lifetime supervision, or both, will best serve the public interest, the court may, in lieu of any sentence otherwise authorized for the felony referred to in clause (A) of clause (1) of this subsection, impose such greater sentence as it deems necessary, including imprisonment for the natural life of such person.

2. Section 22–505 provides that:

    (a) Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force operating in the District of Columbia, or any officer or member of any fire department operating in the District of Columbia; or any officer or employee of any penal or correctional institu-

tion of the District of Columbia, or any officer or employee of the government of the District of Columbia charged with the supervision of juveniles being confined pursuant to law in any facility of the District of Columbia, whether such institution or facility is located within the District of Columbia or elsewhere, while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than 5 years or both. It is neither justifiable nor excusable cause for a person to use force to resist an arrest when such arrest is made by an individual he has reason to believe is a law enforcement officer, whether or not such arrest is lawful.

    (b) Whoever in the commission of any such acts uses a deadly or dangerous weapon shall be imprisoned not more than 10 years.

3. The trial court failed to advise appellant "that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence," as required by D.C.Code 1981, § 23–111(b).

Rep.No. 907, 91st Cong., 2d Sess. 171, *reprinted in* [1970] D.C.Code Legis. & Ad. News 464. Thus, not only are assaults on a police officer while armed punished more severely than unarmed assaults on the same officer, but assaults with a dangerous weapon generally, D.C.Code 1981, § 22–502, are punished more severely than "simple" assaults, D.C.Code 1981, § 22–504. On the other hand, the habitual offender statute provides sentence enhancement for offenders whose prior record of two prior felony convictions indicate that they will not be deterred or rehabilitated within the terms of an ordinary sentence. *See* H.R.Rep.No. 907, 91st Cong., 2d Sess. 65–66, 228, *reprinted in* [1970] D.C.Code Legis. & Ad.News 460–61, 559. Concerned with repeat offenders, not the aggravated nature of the offense, Congress gave the sentencing court discretion in § 22–104a to impose, "*in lieu of any sentence otherwise authorized for the felony*" (emphasis added), such greater sentence as it deems necessary, including life imprisonment. Thus, there is no ambiguity or conflict between the application of these two enhancement provisions. The first offender who uses a dangerous weapon is subject to enhanced punishment because of the aggravated nature of his action. The repeat offender who is convicted of the same offense is subject to even more severe punishment because of the continuing threat he represents.

The appellant's reliance upon *Simpson* and *Busic* and the rationale expressed therein is misplaced.[4] Those cases are inapposite because they involved separate sentencing enhancement provisions designed and intended by Congress to address the same concern: the use of firearms to commit federal felonies. Thus, in *Simpson v. United States, supra,* the petitioners were convicted of armed bank robbery and of the use of firearms to commit the robbery. They were sentenced under 18 U.S.C.

§ 2113(d), which enhanced the penalty for bank robbery *committed by the use of a dangerous weapon,* and under 18 U.S.C. § 924(c), which imposed penalties for *using or carrying firearms* in the commission of any felony. The Court characterized the simultaneous application of both provisions as 'double enhancement' for the same conduct: the use of the firearm. It concluded that Congress cannot be said to have authorized the additional penalty of § 924(c) for the commission of bank robbery with firearms when such conduct was already subject to enhanced punishment for the same reason under § 2113(d).

Similarly, in *Busic v. United States, supra,* petitioners were convicted, *inter alia,* of armed assault on federal officers. They were sentenced under 18 U.S.C. § 111, which contains an enhanced penalty for the use of a deadly weapon in the assault, and the more general 18 U.S.C. § 924(c), which, as noted, authorize the imposition of enhanced penalties for using or carrying a firearm in the commission of any felony. The Court ruled that the defendant may receive sentence enhancement on the basis of the use of firearms only under the enhancement provision in the specific felony statute defining the felony he committed. Thus, enhancement under § 924(c) was not permissible where the predicate felony statute contained its own enhancement provision. *See also State v. Workman,* 90 Wash.2d 443, 584 P.2d 382 (1978) (en banc); *State v. Hudson,* 562 S.W.2d 416 (Tenn. 1978); *People v. Floyd,* 71 Cal.2d 879, 80 Cal.Rptr. 22, 457 P.2d 862 (1969) (en banc).

A situation analogous to *Simpson* and *Busic* would be presented if the government had attempted to obtain enhancement for firearm use not only under the provision of § 22–505(b), but D.C.Code 1981, § 22–3202, which authorizes increased punishment for armed offenses generally. This would present a convergence of legislative policy

---

4. Appellant's reliance of this court's decision in *Henson v. United States,* D.C.App., 399 A.2d 16, *cert. denied,* 444 U.S. 848, 100 S.Ct. 96, 62 L.Ed.2d 62 (1979), is equally misplaced. We held in *Henson* that in the same proceeding, a single felony conviction may not be used both

to convert a misdemeanor violation into a felony offense and to serve as one of the two prior felonies required to impose a maximum life sentence under § 22–104a. That decision is not applicable to the present case.

such that use of one provision may preclude the applicability of the other. A similar situation arises where two statutes allow the prosecution to proceed against the defendant as a repeat offender. In that event, rules of statutory construction require the government to proceed under the more specific rather than the more general provision. *Martin v. United States*, D.C. App., 283 A.2d 448 (1971). However, joint applicability is not precluded by the rules of statutory construction or the rule of lenity where the policies underlying the enhanced penalty provisions are different and where the enhancement provisions do not have the same precondition to applicability. There is no need to resort to the principles utilized in *Simpson* and *Busic* because there is no ambiguity or conflict as to whether either § 22–505(b) or § 22–104a can apply to this defendant.

In summary, we find no reason why the appellant, having a prior history which makes an enhanced penalty under D.C.Code 1981, § 22–104a permissible, may not be sentenced under its provisions. Indeed, it would be rather anomalous if, regardless of prior criminality, the appellant could only receive a sentence under § 22–505(b). Such a result would subvert the legislative intent embodied in § 22–104a to punish recidivists more severely. Thus, appellant's fourteen to forty-two year sentence, well within the statutory maximum of § 22–104a, is not subject to appellate review. *Thomas v. United States*, D.C.App., 382 A.2d 24, 29 (1978).

*Affirmed.*