**Elliott J. McCALL, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 81-741.

District of Columbia Court of Appeals.

Argued July 8, 1982.

Decided Aug. 26, 1982.

Elizabeth J. Branda, Public Defender Service, Washington, D.C., with whom William J. Mertens, Public Defender Service, Washington, D.C., was on the brief, for appellant.

E. Anne McKinsey, Asst. U. S. Atty., Washington, D.C., with whom Stanley S. Harris, U. S. Atty., and John A. Terry, John R. Fisher, and J. Ramsey Johnson, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and FERREN and PRYOR, Associate Judges.

---

PER CURIAM:

The sole issue is whether a defendant convicted of assault with a dangerous weapon (ADW), D.C.Code 1981, § 22–502,[1] who has previously been convicted of a crime of violence (as defined in D.C.Code 1981, § 22–3201(f)[2]) while armed, can be sentenced under D.C.Code 1981, § 22–3202(a)(2).[3] We hold that he can, and accordingly affirm.

Appellant offers two types of arguments to show that § 22–3202(a)(2) is inapplicable. First, he contends on the basis of the section's language and history that it was not meant to apply to convictions of assault with a dangerous weapon. We disagree and conclude that Congress intended that § 22–3202 apply to ADW when Congress included this crime within the definition of crimes of violence in D.C.Code 1981, § 22–3201(f). Second, appellant suggests that, when applied to an ADW conviction, subsection (a)(2) comes within the doctrine of *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), as a second enhancement provision addressing a single type of conduct. The government concedes that § 22–3202(a)(1) may not apply to ADW since § 22–502 provides for enhancement and is a more specific and lenient provision. Appellant thus argues that because subsec-

tion (a)(1) concededly could not be applied to an ADW conviction by virtue of the *Simpson* doctrine, subsection (a)(2) must also fall so far as ADW convictions are concerned. Two lines of argument underlie this second contention. The first is based on statutory wording: Since subsection (a)(1) is inapplicable to ADW, ADW must not be a "crime of violence." The second is based on statutory function and congressional intent: Since subsections (a)(1) and (a)(2) are so closely related, one should not be applied to a particular offense unless both could be. Congress enacted § 22–3202 for two distinct purposes: (1) to allow the court to enhance penalties of those convicted of crimes of violence while armed, and (2) to require more severe treatment of recidivists who have committed multiple crimes while armed. We therefore see no reason to decline to apply subsection (a)(2) merely because we would not apply subsection (a)(1). *See Lagon v. United States,* D.C.App., 442 A.2d 166 (1982).

*Affirmed.*

---

1. D.C.Code 1981, § 22–502 provides:
   Every person convicted of an assault with intent to commit mayhem, or of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than 10 years.

2. D.C.Code 1981, § 22–3201(f) provides:
   "Crime of violence," as used in this chapter, means any of the following crimes, or an attempt to commit any of the same, namely: Murder, manslaughter, rape, mayhem, maliciously disfiguring another, abduction, kidnaping, burglary, robbery, housebreaking, larceny, any assault with intent to kill, commit rape, or robbery, assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment in the penitentiary.

3. D.C.Code 1981, § 22–3202(a) provides:
   Any person who commits a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm (or imitation thereof) or other

dangerous or deadly weapon (including a sawed-off shotgun, shotgun, machinegun, rifle, dirk, bowie knife, butcher knife, switchblade knife, razor, blackjack, billy, or metallic or other false knuckles):
   (1) May, if he is convicted for the 1st time of having so committed a crime of violence in the District of Columbia, be sentenced, in addition to the penalty provided for such crime, to a period of imprisonment which may be up to life imprisonment; and
   (2) Shall, if he is convicted more than once of having so committed a crime of violence in the District of Columbia, be sentenced, in addition to the penalty provided for such crime, to a minimum period of imprisonment of not less than 5 years and a maximum period of imprisonment which may not be less than 3 times the minimum sentence imposed and which may be up to life imprisonment.