*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-CO-158

CRAIG A. LEE, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF1-19185-12)

(Hon. Robert E. Morin, Trial Judge)

(Submitted October 6, 2020                    Decided June 9, 2022)

*Donald L. Dworsky* for appellant.

*Jessie K. Liu*, United States Attorney at the time the brief was filed, *Elizabeth Trosman*, *Nicholas Coleman*, *C.B. Buente*, and *Elizabeth A. Aloi*, Assistant United States Attorneys, were on the brief, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, GLICKMAN, *Associate Judge*, and WASHINGTON, *Senior Judge*.

WASHINGTON, *Senior Judge*: Appellant, Craig A. Lee, appeals the sentencing court's denial of his motion to correct an illegal sentence under Super. Ct. Crim. R. 35(a). Specifically, appellant argues that the sentencing judge erroneously applied a sentencing enhancement for a single prior rape conviction

twice, resulting in an illegal sentence. As a matter of first impression, we reject appellant's challenge and affirm his sentence.

## I. Background

Appellant was indicted on November 6, 2012, on one count of aggravated first-degree child sexual abuse in violation of District of Columbia ("D.C.") Code §§ 22-3008-3020(a)(5)(2012 Repl & 2021 Supp.). The case proceeded to a jury trial before the Honorable Robert E. Morin on February 11, 2016. Before trial, appellant waived his right to a jury trial for his alleged "aggravating circumstance," namely, his prior conviction in 1997 for second-degree rape in Maryland.

At trial, the jury hung on appellant's charge for first-degree child sexual abuse, but found appellant guilty of the lesser-included charge of attempted first-degree child sexual abuse on February 26, 2016. The same day, Judge Morin found appellant guilty of an aggravating circumstance sentencing enhancement for his 1997 rape conviction.

Prior to sentencing, the government filed a memorandum in aid of sentencing disputing the sentencing calculations of the presentence report

submitted to the court. Specifically, the government disagreed with the presentence report's findings that the maximum prison sentence for appellant was fifteen years, arguing instead that the maximum sentence was actually twenty-two and one half years after applying a sentencing enhancement for his aggravating circumstance. In addition to the memorandum, the government orally argued at the sentencing hearing on June 17, 2016, that appellant's maximum sentence was twenty-two and one half years. Appellant's counsel did not dispute the government's statements. The government recommended a sentence of twenty years. After considering the government's argument that appellant's maximum sentencing exposure was twenty-two and one half years of incarceration, Judge Morin sentenced appellant to eighteen years' incarceration followed by a lifetime of supervised release. Judge Morin also ordered appellant to pay $100 to the crime victim's compensation fund.

Appellant appealed his substantive conviction to this court, which affirmed it in a per curiam, unpublished opinion on August 20, 2018. *See Lee v. United States*, No. 16-CF-611, Mem. Op. & J. (D.C. August 20, 2018).

**A. Rule 35 Motion**

On May 8, 2017, appellant filed a motion to correct an illegal sentence under Super. Ct. Crim. R. 35(a). In his brief, appellant argued that Judge Morin erred in applying D.C. Code §§ 22-3018 (attempted first-degree child sexual abuse), 22-3008 (first-degree child sexual abuse), and 22-3020 (enhancement for aggravating circumstances), by counting appellant's aggravating circumstances enhancement twice. Appellant argued that the "double counting" occurred when Judge Morin first used it to calculate appellant's base sentence under § 22-3018 (which required an initial calculation under § 22-3008), and then counted it again to enhance the base sentence under § 22-3020(a)(5).

At a hearing on October 26, 2017, appellant said that the disagreement between him and the government was about "the order" in which the court should "consider[] the statute[s]." Appellant argued that the sentencing court was required to apply the aggravating circumstances statute before applying the attempt statute, and that if the court did so, this would result in a fifteen-year maximum sentence. Judge Morin found that appellant's position was "counter-intuitive [to] how aggravating circumstances statutes work," because under appellant's approach, the enhancement would be applied to *determine* the maximum sentence instead of enhancing the maximum sentence itself. Judge Morin also noted that, if he understood appellant's position, a sentencing court could "never aggravate an

attempted first degree sex offense." Appellant agreed that his position was that the maximum sentence was capped at fifteen years, regardless of any aggravating circumstances. The government disagreed with appellant, arguing that the maximum, un-aggravated penalty for first-degree child sexual abuse was thirty years, that the penalty for attempted first-degree child sexual abuse was therefore fifteen years, and that the aggravating circumstances enhancement must be applied at the end, which resulted in a maximum sentence of twenty-two and one half years.

On February 16, 2018, Judge Morin denied appellant's motion. Announcing his decision from the bench, Judge Morin explained that "[t]he plain reading of the statutes is that the aggravating circumstance enhancement is attached to a sentence that has been imposed or . . . calculated because it says one and a half times the maximum penalty prescribed for the particular offense." Judge Morin then stated:

> [t]he particular offense for which [appellant] was sentenced was a conviction under D.C. Code § 22-3018. That has a maximum penalty of 15 years. So, you determine . . . the punishment for the offense of attempted first degree sexual offense first. In this case, it was 15 years. Then you determine the effect of the enhancement for the aggravating circumstance and not the other way around . . . D.C. Code § 22-3018 . . . was not intended to limit the sentence of an attempt that had

associated with it aggravating circumstances as set forth in D.C. Code § 22-3020. Obviously, the sentence that [appellant] received was less than the maximum sentence even under my reading of the statutes. It was within the guidelines.

Judge Morin concluded that § 22-3018 was not "intended to limit the sentence of an attempt that had associated with it aggravating circumstances as set forth in D.C. Code § 22-3020." Appellant timely appealed Judge Morin's ruling.

## II. Discussion

Appellant argues two points on appeal. First, he asserts that Judge Morin erred by "double counting" appellant's aggravating circumstances enhancement by using it first to determine his base sentence under D.C. Code § 22-3008, and then using it a second time to enhance the maximum sentence under § 22-3020. Second, appellant argues that, even if Judge Morin's interpretation is reasonable, § 22-3018 is capable of multiple interpretations and so the rule of lenity requires this court to find in appellant's favor. We disagree on both points and affirm the sentence.

## A. Sentencing Provisions

This appeal involves the interplay between three statutes. The first is D.C. Code § 22-3018, which punishes attempts to commit sexual abuse by allowing the judge to impose a sentence of up to half of the maximum sentence authorized for the completed crime.[1] Thus, in order to calculate a sentence for attempted sexual abuse, the sentencing court first references the maximum sentence for the completed offense. In this case, that is D.C. Code § 22-3008, criminalizing first-degree child sexual abuse. Section 22-3008 allows a maximum sentence of "any term of years or for life," but requires the court to "impose a prison sentence in excess of 30 years only in accordance with § 22-3020 . . . ."[2]

Finally, the third statute is § 22-3020, the "aggravating circumstances" statute.[3] Section 22-3020 allows the sentencing court to enhance the sentence up

---

[1] "Any person who attempts to commit an offense under this subchapter shall be imprisoned for a term of years not to exceed 15 years where the maximum prison term authorized for the offense is life or for not more than 1/2 of the maximum prison sentence authorized for the offense . . . ." D.C. Code § 22-3018.

[2] "Whoever, being at least 4 years older than a child, engages in a sexual act with that child or causes that child to engage in a sexual act shall be imprisoned for any term of years or for life . . . However, the court may impose a prison sentence in excess of 30 years only in accordance with § 22-3020 . . . ." D.C. Code § 22-3008.

[3] *See Jones v. United States*, 828 A. 2d 169, 180 (D.C. 2003) (referring to § 22-3020, under its prior codification, as the "enhancement" statute).

to 150 percent of the maximum if the defendant is found guilty of any aggravating factors set forth in the statute.[4]

Under this rubric, it is undisputed that to sentence for attempted first-degree child sexual abuse under § 22-3018, Judge Morin was required to first determine what appellant's maximum sentence would be for the completed offense under § 22-3008. It is at this step that the parties disagree: Appellant argues that the second sentence in § 22-3008, allowing the sentencing court to "impose a prison sentence in excess of 30 years only in accordance with § 22-3020," means that for the purposes of the calculating the sentence under § 22-3018, one must apply that calculation to the maximum enhanced sentence that could be given for the completed offense (here, § 22-3008), precluding later enhancement. The government argues that § 22-3008 means that the maximum, *unenhanced* sentence

---

[4] Any person who is found guilty of an offense under this subchapter may receive a penalty up to 1 1/2 times the maximum penalty prescribed for the particular offense, and may receive a sentence of more than 30 years up to, and including life imprisonment without possibility of release for first degree sexual abuse or first degree child sexual abuse, if any of the following aggravating circumstances exists:

> "(5) The defendant is or has been found guilty of committing sex offenses against 2 or more victims, whether in the same or other proceedings by a court of the District of Columbia, any state, or the United States or its territories . . . ." D.C. Code § 22-3020(a)(5).

for first-degree child sexual abuse is thirty years, that an attempt sentence is therefore fifteen years, and that any aggravating circumstances enhance the maximum sentence 150 percent at the end, leaving appellant with a maximum sentencing exposure of twenty-two and one half years.

We agree with the sentencing court that the government's approach is correct. Because the statute is aimed at increasing the maximum sentence already calculated, we hold that the enhancement statute is designed to be applied after the maximum sentence is calculated. Perhaps more important, appellant's proposed order of application would prevent a sentencing court from ever enhancing a sentence for attempted first-degree child sexual abuse, a result the D.C. Council surely did not intend when it passed § 22-3020.

Resolving when the aggravating circumstances enhancement should be applied to a conviction under § 22-3018 is a question of statutory interpretation that we review de novo. *See Rahman v. United States*, 208 A.3d 734, 738 (D.C. 2019).

"The first step in statutory interpretation is to determine if the statute's 'language is plain and admits of no more than one meaning.'" *Odumn v. United*

*States*, 227 A.3d 1099, 1102 (D.C. 2020) (quoting *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc)). In *Peoples*, we explained that "even where the words of a statute have a superficial clarity," the court may review the legislative intent behind the law to avoid "obvious injustice." *Id.*, 470 A.2d at 754.

Here, § 22-3008's directive to "impose a prison sentence in excess of 30 years only in accordance with § 22-3020" may have "superficial clarity," but we hold it would create an "obvious injustice" if it prevented the sentencing court from applying an enhancement for aggravating circumstances. Therefore, we must examine the legislative intent behind the sexual abuse statutes at issue here.

### 1. Legislative History of D.C. Code §§ 22-3008, 22-3018, and 22-3020.

All three of the statutes at issue were originally enacted under the Anti-Sexual Abuse Act ("ASAA") of 1994. *See* D.C. Council, Report on Bill 10-87 (Sep. 28, 1994). The Council of the District of Columbia ("D.C. Council" or "Council") stated that the purpose behind the ASAA was to "strengthen and reform the existing laws against rape and sexual abuse in the District of Columbia." *Id.* at 1. In line with this purpose, the Council designed the ASAA to "create a flexible

sentencing system and establish a series of aggravating circumstances that would result in sentences more appropriately tailored to the nature of the particular offense committed." *Id*.

As is evident from the first page of the committee report, a key part of the D.C. Council's intent for the ASAA was to increase sentences for those convicted of aggravating circumstances. *Id*. When it was first passed, the ASAA permitted sentences of fifteen years to life imprisonment for first-degree child sexual abuse. *Id*. at 22. Notably, there was no original requirement that a court find any aggravating circumstances to impose a sentence greater than thirty years of incarceration. *Id*.

In 2001, the D.C. Council passed the Sentencing Reform Amendment Act of 2000 ("SRAA"). *See* D.C. Council, Report on Bill 13-696 (May 25, 2000). This law was a response to Congressional efforts to establish a determinate sentencing scheme in the District of Columbia. *Id*. at 2. A major part of the SRAA's purpose was to provide clarity for "how offenses for which the maximum penalty was 15 years to life should be treated in a determinate sentencing system." *Id*.

Prior to passing the SRAA, the D.C. Council established the Advisory Committee on Sentencing (the "Commission"), which made recommendations on appropriate sentencing reforms for felonies with expansive sentencing possibilities. *Id*. at 4. The Commission recommended that the Council place a cap of thirty years' incarceration for all crimes which then allowed sentences of between fifteen years to life. *Id*. at 15. Noting that "30 years is a long time," and "sentences for non-murder offenses will not very often approach this length," the Council declined to adopt an "absolute cap of 30 years." *Id*. After considering the recommendations of the Commission, the Public Defender Service, and the United States Attorney for the District of Columbia, the Council decided that "30 years imprisonment…is the highest sentence that should be imposed – absent a finding of aggravating circumstances." *Id*. at 15-16. The SRAA thus modified § 22-3008 by adding the condition that "the court may impose a prison sentence in excess of 30 years *only if the court finds an aggravating circumstance*…." *Id*. at 40 (emphasis added).

These changes made by the SRAA do not show a legislative intent to eliminate aggravating circumstances enhancements for attempted first-degree child sexual abuse. Rather, the SRAA's committee report shows exactly the opposite – that the Council elevated the importance of aggravating circumstance

enhancements by *requiring* them in order to impose certain sentences. In fact, the Council decided that *only* aggravating circumstances could increase a defendant's sentence beyond the 30-year "absolute cap" recommended to the Council. The Council's decision, supported by extensive background comments, makes clear that it intended for aggravating circumstances to warrant significantly higher prison sentences. All of this cuts against appellant's argument that his sentence was capped at fifteen years regardless of any aggravating circumstances.

Not only is the legislative intent in this case clear, but additionally, "[c]ommon rules of statutory construction require us to avoid conclusions that effectively read language out of a statute whenever a reasonable interpretation is available that can give meaning to each word in the statute." *School St. Assocs. Ltd. P'ship v. District of Columbia*, 764 A.2d 798, 807 (D.C. 2001). In this case, appellant's approach would effectively nullify § 22-3020's increased penalties for aggravating circumstances. Because a reasonable interpretation in this case would leave the increased penalties for aggravating circumstances intact, we must follow that interpretation.

Against this backdrop, we find appellant's reading of D.C. Code §§ 22-3008, 22-3018, and 22-3020 untenable as it would render the finding of any aggravating

circumstances irrelevant to sentence attempted first-degree child sexual abuse. Such a result would be contrary to the D.C. Council's intended result and must be rejected. Additionally, because we "avoid conclusions that effectively read language out of a statute," we must reject appellant's approach and hold that the enhancement statute is properly applied after the maximum sentence is calculated under § 22-3008.

Therefore, because aggravating circumstances serve to increase appellant's sentencing exposure, Judge Morin correctly found that under § 22-3008, appellant's maximum, unenhanced sentence for first-degree child sexual abuse was thirty years; appellant's maximum, unenhanced sentence for attempted first-degree child sexual abuse was therefore fifteen years; and that appellant's stipulated aggravating circumstance conviction was then used to enhance the sentence 150 percent; leaving appellant with a maximum possible sentence of twenty-two and one half years.

## B. The Rule of Lenity

Appellant further argues that even if this court disagrees with his order of reading the sentencing statutes, the rule of lenity requires that this court resolve

any ambiguities in his favor. *See Henson v. United States*, 399 A.2d 16, 21 (D.C. 1979). Finding no genuine doubt or ambiguity about the Council's intent, we disagree with appellant.

The rule of lenity is only used to resolve ambiguity in penal statutes. *See Holloway v. United States*, 951 A.2d 59, 65 (D.C. 2008). "The rule … can tip the balance in favor of criminal defendants only where, exclusive of the rule, a penal statute's language, structure, purpose and legislative history leave its meaning genuinely in doubt." *United States Parole Comm'n v. Noble*, 693 A.2d 1084, 1103-4 (D.C. 1997) (internal citations omitted). Importantly, the rule "is a secondary canon of construction, and is to be invoked only where the statutory language, structure, purpose, and history leave the intent of the legislature in genuine doubt." *Holloway*, 951 A.2d at 65 (internal citations omitted). In recent Supreme Court concurrence, Justice Kavanaugh explained that before applying the rule, courts must first use "all of the traditional tools of statutory interpretation." *Shular v. United States*, 140 S. Ct. 779, 789 (2020). Only then, if the statute remains "grievously ambiguous [such] that the court can make no more than a guess as to what the statute means," will the rule of lenity apply. *Id*.

In this case, we do not find that § 22-3008's "structure, purpose, and history leave the intent of the [Council] in genuine doubt." *Holloway*, 951 A.2d at 65. We find that the intent of the D.C. Council was clear – to enhance penalties for child sexual abuse when the defendant was also found guilty of aggravating circumstances. Because the rule of lenity applies only when courts "can make no more than a guess as to what the statute means," *Shular*, 140 S. Ct. at 789, it is not applicable in this case.

### III. Conclusion

For the foregoing reasons, we affirm the trial court's denial of appellant's motion to correct an illegal sentence under Superior Court Criminal Rule 35(a).

The judgment of the sentencing court is hereby,

*Affirmed.*